THE GRAPE SUGAR AND VINEGAR MANUFACTURING COMPANY OF BALTIMORE CITY *vs.* JACOB H. SMALL.

*Presumption in respect of Contracts made by Corporations —
Estoppel.*

In an action against a manufacturing company, to recover for work done under a contract with its acting president, it is not necessary to prove that he was authorized by a direct vote or resolution of the company, to make such contract. The work being necessary to enable the company to carry on the business for which it was incorporated, and accepted by it without objection, and without any intimation, that its acting president was not authorized to make such contract, the jury may presume that the work was done by the authority of the company, or that it was subsequently accepted, and the contract ratified.

Where under a contract with the acting president of a manufacturing company, made after the certificate of incorporation was signed by the members of the proposed corporation, but before it was recorded, as required to constitute the company a body politic under the general incorporation law, work is done for the company, and accepted after its incorporation is complete, it will be estopped both at law and in equity, from denying its liability on account of the same.

APPEAL from the Superior Court of Baltimore City.

This was an action of assumpsit brought by the appellee against the appellant. The case is stated in the opinion of the Court. The Court below having refused the instructions asked for by the defendant, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Michael A. Mullin*, for the appellant.

There was no evidence of any vote of the directors, or other special authority, vesting in Sim the power of mak-

ing contracts for the company, and the binding effect on the company of his orders to the plaintiff can only arise, if at all, from the powers which the president of such a corporation, *ex officio,* possesses. That he had no such authority, *ex officio,* see *Farmers' Bank vs. McKee,* 2 *Barr,* 318; *Hallowell and Augusta Bank vs. Hamlin,* 14 *Mass.,* 180; *Crump vs. U. S. Mining Co.,* 7 *Grattan,* 352.

This doctrine has been conceded by the Maryland cases, and whenever a contract with the president has bound a corporation, it was not because of his powers *ex officio,* but of some special authority from or confirmation by the proper officers. *Merrick vs. Bank of the Metropolis,* 8 *Gill,* 59; *Elysville Manuf. Co. vs. Okisko Co.,* 5 *Md.,* 152; *Northern Central Railway Co. vs. Bastian,* 15 *Md.,* 494.

On the point of ratification, see *Story on Agency,* 239.

In the present case there is no action of the directors, collectively or individually, or of any other officer of the corporation, which can be used as a circumstance from which to infer the grant of special authority to Sim.

The defendant is a corporation formed under the general incorporation Act of 1868, ch. 471. Before corporators, acting under this law, can become a body corporate, certain conditions precedent must be complied with, and until such conditions have been complied with there can be no corporate existence. *Lord and Robinson vs. Essex Building Association,* 37 *Md.,* 325-6.

One of these conditions is the recording of the certificate called for by section 37, *et seq.* Until that is done the Act is incomplete. But the moment the paper is recorded the Act is finished, and the corporation *in esse.* See *sec.* 40.

The certificate of incorporation was not filed until August 13th, 1870. The plaintiff, however, sues for work done and material provided from time to time, from the 23rd of May, 1870, to October 10th, 1870. The defendant, therefore, asked the Court to instruct the jury that

"the plaintiff was not entitled to recover in this action for work done or material furnished prior to the day on which it appeared \* \* \* that the certificate of the incorporation of the defendant was filed with the clerk of the Superior Court for record." This instruction the Court improperly refused. For it is clear that prior to August 13th, 1870, the defendant had not been effectually created a corporation, and not having been effectually created a corporation, it had no standing in Court as plaintiff or defendant. See *Agnew vs. Bank of Gettysburg*, 2 *H. & G.*, 493; *Lord and Robinson vs. Essex Bldg. Asso.*, 37 *Md.*, 325.

The subsequent act of the corporation in recording the paper cannot change the relations of the parties and transfer their liability in whole or in part to third parties not primarily responsible. A corporation is not liable for debts contracted by the corporators before the incorporation. *Hutchinson vs. The Surrey Consumers' Gas Light and Coke Association*, 73 *Eng. Com. Law. R.*, 689; *White vs. The Westport Cotton Co.*, 1 *Pickering*, 215; *In re, The Independent Assur. Co.*, 30 *Law Jour. Rep. (N. S.) Equity*, 222; 2 *Jurist, (N. S.,)* 695.

The defendant's third prayer follows as a corollary of the second, for if any payment was received by the plaintiff from the company, it should be applied to the payment of its own debt, otherwise the money was received without consideration.

*Charles Marshall*, for the appellee.

The second prayer of the appellant is based upon an erroneous construction of the 40th sec. of Article 26, (Act of 1868, ch. 471,) relating to corporations.

The appellant assumes that the parties named in the certificate became a corporation only from the moment of recording, and that the incorporation does not relate back to the date of execution or acknowledgment. The natural

and ordinary import of the language is merely that the recording is essential to the incorporation, the object being notice to the public, but there is nothing in the language which prevents the usual relation back to the date of execution of the recorded instrument. In claims *against* the company, there can certainly be no reason that the incorporation should not relate back. But even if the appellant's view were correct, as to the effect of the recording, the consequence sought to be deduced by its second prayer, would not result.

The corporators constituted at least an unincorporated association prior to August, 1870, and they retained in their capacity as a corporation, after the recording, all the plaintiff's work received as an association, and continued his services under the same contract, and the corporation is liable. *Baltimore City P. R. W. vs. Sewell,* 35 *Md.,* 251; 1 *Redfield on R. W.,* 16; *Edwards vs. Grand Junc. R. W. Co.,* 1 *Mylne & Cr.,* 650; *Wesley Church vs. Moore,* 10 *Pa. State,* 273; *Atty. Gen. vs. Corp. of Leicester,* 9 *Beaven,* 546; *Hughes vs. Antietam Manuf. Co.,* 34 *Md.,* 324; *Fister vs. La Rue,* 15 *Barb.,* 324; *Low vs. Railroad,* 46 *N. H.,* 284.

If this view of the law under the second prayer be correct, it will dispose also of the third prayer. But even if the second prayer be correct, the appropriation of payment should not be made as asked. The appellant went into possession of the work of the plaintiff without payment, and it is equitable in the absence of any act of appropriation at the time of payment, that the money should be applied to the earliest items of the account. *Cremer vs. Higginson,* 1 *Mason,* 338.

Robinson, J., delivered the opinion of the Court.

This suit was brought to recover a balance alleged to be due on account of work done and materials furnished to the appellant.

The appellee, plaintiff below, proved that he was employed by Dr. Sim, acting as President of the appellant, to build and repair a certain number of *tubs*, to be used by the appellant, in the manufacture of "*grape sugar*" and "*vinegar*"—that the work was begun on the 23rd of May, 1870, and continued until October 10th, following, and amounted to $1821.66, upon which was paid, at various times prior to August, 1870, the sum of $270.00 and subsequent to that time, the further sum of $139.60, paid by William A. Fisher, Esq., trustee, to whom the appellant had assigned all of its property, including the *tubs* and *fixtures* built by the appellee.

The appellee also offered in evidence, the certificate of incorporation, executed May 16th, 1870, and recorded August 13th, following.

Upon this evidence, the appellant asked the Court to instruct the jury:

1st. That there was no evidence *legally sufficient* to prove the authority of Dr. Sim, to bind the appellant by the contract under which the work was done and the materials furnished.

2nd. That the plaintiff is not entitled to recover for the work done and materials furnished, prior to the day on which the certificate of incorporation was filed for record.

3rd. That the amount paid by the trustee of the appellant should be credited to the account of work done subsequent to the recording of the certificate.

To the refusal of the Court to grant these instructions, the appellant excepted.

To entitle the plaintiff to recover, it was incumbent on him to offer evidence *legally sufficient* to prove that the appellant authorized Doctor Sim to make the contract under which the work was done, or that it subsequently ratified the same. It was not necessary, however, to prove this by a *direct vote* or *resolution* of the company. It being conceded that corporations of this kind, acting within the

scope of their corporate powers, may make contracts through their officers or agents, there is no reason in principle or justice, why the same presumptions should not arise, and. the same duties and responsibilities attach upon such contracts, as in the case of contracts made by *natural persons.* The plaintiff proved that the work was done under a contract made by the acting President of the company—that it was necessary, to enable the appellant to carry on the business for which it was incorporated; and further, that the services thus rendered under the contract, were accepted by the appellant, without objection, and without an intimation that the acting President was not authorized to contract for the same. There was evidence then, in our opinion, *legally sufficient* to warrant the jury in finding that the work was done by the authority, or that it was subsequently accepted, and the contract under which it was done, ratified by the appellant.

The second prayer proceeds upon the assumption that the defendant is not liable, provided the work was done prior to the recording of the certificate of incorporation. It is true, that under the general incorporation law of this State, the recording of the certificate was necessary to constitute the appellant a body politic. If, however, the contract was made with the plaintiff through Doctor Sim, acting as President of the appellant, after the certificate had been signed by the members of the proposed corporation, but before it was recorded, and the company, after its incorporation was complete, accepted the work done under the contract, it will be estopped, both in law and in equity, from denying its liability, on account of the same. In other words, the appellant will not be permitted to accept the work done and materials furnished by the plaintiff under a contract made prior to the recording of the certificate, and at the same time deny its liability under it.

From what we have said, it follows that the third prayer was also properly refused. If the company was liable un-

der the contract, the plaintiff was not obliged, of course, to apply the payment made by the trustee to the work done and materials furnished prior to the recording of the certificate.

Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 19th June, 1874.)