JOHN CAREY, Appellant, v. DES MOINES CO-OPERATIVE
COAL & MINING COMPANY, Appellee.

Corporations : CONTRACTS : LIABILITIES.  An unincorporated coal and
    mining company, having become insolvent, and most of its prop-
    erty having been seized by attaching creditors, it was agreed, at a
    meeting of its members, that they organize a stock company for
    the conduct of the same business, and that it should assume and
    pay the debts of the old company.  It was further agreed, at such
    meeting, that the plaintiff, a member of the old company, should
    receive, in consideration of a part of its indebtedness to him, paid-up
    stock in the proposed corporation.  Such corporation was organ-
    ized, but it received no property of value from the old company,
    and it never ratified the above agreements of that company.  *Held*,
    that the old company's promise of stock to the plaintiff could not
    be enforced against the new company, nor was it liable for the bal-
    ance of his account against the old company, because of the lat-
    ter's agreements.

*Appeal  from  Polk  District  Court.* — HON.  W.  F.
CONRAD,  Judge.

MONDAY, JANUARY 26, 1891.

ACTION for an accounting, to compel defendant to
issue a certificate for stock, and to recover a balance
alleged to be due.  There was a trial by the court, and
a judgment in favor of defendant for costs.  The plain-
tiff appeals.

*C. P. Holmes*, for appellant.

*R. N. Baylies*, for appellee.

ROBINSON, J.—In September, 1886, the plaintiff and
nine other persons associated themselves together, under
the name of the United Coal Company, for the purpose of
mining and selling coal.  The company was not incor-
porated, but it was agreed that, if certain land for which
they proposed to procure a lease should prove to be
good mining property, and the enterprise should seem

to be successful, the members of the company would
incorporate on or before the first day of June, 1887.
Each member of the United Coal Company was to con-
tribute to the capital as much as each of the others con-
tributed, and was to share equally with the others in
its profits.  All the members were, or claimed to be,
practical coal miners, and each was to be employed in
the mines and business of the company, and was to have
an interest in its property and business in proportion to
the amount he contributed to its capital, including
wages earned but not drawn.  The company procured a
lease of Mrs. L. G. Bleckman, as proposed, when the
organization was effected, for certain lands, including
an old coal mine and its appurtenances, for a term of
eight months and five days, ending on the first day of
June, 1887.  The property leased included the mine,
shaft, fixtures, buildings, cars and machinery.  The
lease provided for the payment each month of a royalty
on the coal mined ; for a forfeiture of the lease upon a
failure to comply with any of its provisions, and for a
renewal of the lease to such corporation as the members
of the company might form, or to which they should
assign their interest, for the term of twenty years.
After procuring the lease, the company removed the
water from the old mine, cleaned it out, and put it in
order, and commenced taking out and selling coal.  It
operated the mine until about the first of March, 1887 ;
the plaintiff acting as treasurer, and rendering such other
service as was needed.  He purchased scales, horses,
harness, timber and other articles, including tools needed
in the opening and operating of the mine.  On the first
of March, 1887, plaintiff had paid for the company, in
addition to what he had received, the sum of six hun-
dred and fourteen dollars and forty cents, besides
eighty-one dollars he had paid on account of stock.
The company was also indebted to others, and a writ of
attachment was levied upon some of its personal prop-
erty used at the mine.  After some preliminary nego-
tiations, several members of the United Coal Company
adopted articles of incorporation, dated March 4, 1887,

which were to take effect on the seventh day of that month; and the defendant was thus organized. Its object was to deal in coal lands, and to prospect for, mine and sell coal. The new company procured a new lease from Mrs. Bleckman for the property originally leased to the old company, and commenced the business for which it was organized.

The plaintiff contends that, at a meeting of the members of the old company, held on the third day of March, 1887, and at other times prior to that date, it was agreed that the company to be organized should assume and pay the debts of the United Coal Company, and that a certificate for paid-up shares of stock in the new company to the amount of five hundred dollars should be issued to plaintiff in payment of that amount of his claim against the old company, and that he is now entitled to such a certificate and to a judgment, in addition, for the sum of one hundred and ninety-five dollars and forty cents. There is much conflict in the evidence as to what was said and proposed, pending the organization of the new company, but we think a fair preponderance of the evidence shows that propositions of the nature claimed by plaintiff were made, and that at one time it was understood by the parties in interest that they would be adopted, and the debts of the old company be paid by the one to be organized. But it appears that Mrs. Bleckman declared a forfeiture of the old lease for non-compliance with its provisions by the United Coal Company before the defendant was organized; that she executed a lease to defendant for the same property, but on different terms; that the new lease required a cash payment of three hundred dollars for the shaft, which was not required by the old lease, and which was paid by defendant; and that defendant has never in any manner ratified the alleged agreement of members of the old company to assume and pay its debts, and to issue a certificate of paid-up stock to plaintiff. We do not find that defendant has received much, if any, benefit from the property of the old company. The lease it now holds was not obtained by virtue of

the old lease, but was the result of a new agreement made by the defendant with Mrs. Bleckman. The personal property was in large part, if not wholly, seized and sold by a creditor of the old company. The mine and appurtenances were, doubtless, in much better condition, because of the money and labor expended upon them by the old company; but that company had forfeited all right to them, and, so far as the record discloses, Mrs. Bleckman may have realized all benefits which could be derived from the improvements in the increased price which she exacted of defendant for the new lease. However that may be, plaintiff has failed to show any obligation on the part of defendant to execute to him any certificate for stock, or to pay him anything on account of disbursements he has made.

The judgment of the district court is AFFIRMED.