BUFFINGTON, Respondent, vs. BARDON and others, Appellants.

*November 21 — December 15, 1891.*

(*1, 2*) *Corporations: Agency: Unauthorized contract: Personal liability of stockholders.* (*3*) *Action, law or equity? Waiver.*

1. Until a corporation has a legal existence, no one, whether a promoter or not, can be its agent; and if one assumes to act as such agent and makes a contract on behalf of the prospective corporation, the latter is not bound thereby unless, after its organization and with full knowledge of the facts, it assumes the contract or accepts the benefits thereof. And upon a contract so made but not so ratified the stockholders cannot be held personally liable under sec. 1773, R. S.

2. In an action to enforce a personal liability of the stockholders on such a contract under sec. 1773, R. S., it is not competent for the plaintiff to prove that the agent acted for the stockholders individually or that they ratified the contract.

3. An objection that the action should have been brought in equity instead of at law comes too late when made for the first time in this court on appeal.

APPEAL from the Circuit Court for *Ashland* County.

It is alleged in the complaint that before June 8, 1888, the defendants combined together to form a corporation under the laws of this state, to be named the "North Star Iron-Works Company;" that on the date aforesaid they signed and acknowledged articles for the incorporation of such company, which were filed in the office of the register of deeds of Ashland county June 13, and in the office of the secretary of state June 18, 1888; that defendants, acting under the name of such corporation, transacted business and made the contract with plaintiff thereinafter mentioned; that plaintiff (who is an architect) performed work, labor, and services in preparing drawings, plans, and specifications, under an agreement with defendants, acting under the name of such corporation, for certain buildings to be

erected in the city of Ashland, Ashland county, Wis., which services were worth $543, and for which defendants agreed to pay that sum, but have failed to do so; that the capital stock of said corporation is $100,000, consisting of 2,000 shares of $50 each; and that when such contract was made with plaintiff one half of said capital stock had not been subscribed for, nor twenty per cent. thereof paid in. During the trial the plaintiff was permitted to amend his complaint by alleging therein that the defendants were stockholders in the corporation from and after the date of its organization. The defendants answered a general denial of all the material allegations of the complaint.

It appeared on the trial that in 1888 there existed a corporation or company in Minneapolis known as the "North Star Iron-Works Company," which owned a manufacturing plant, and that a verbal agreement was entered into between the owners of such plant and an association of citizens of Ashland, known as the "Business Men's Association," to the effect that the Minneapolis company should remove its plant, tools, patterns, etc., to Ashland, and turn the same over to a corporation of the same name, to be organized under the laws of this state; the consideration therefor being the conveyance to such owners of certain real estate, and the subscription by citizens of Ashland of $15,000 to the capital stock of the Wisconsin corporation. Such owners were to have $85,000 of the stock of the corporation.

The Minneapolis property was thereafter taken to Ashland, under the direction of one Rice, who was one of the owners, and who seems to have been the manager of the Minneapolis company, and he proceeded to erect buildings at Ashland, in which to put the property and carry on the business, and to that end procured the plaintiff to make the drawings, plans, and specifications in question. Afterwards the Wisconsin corporation was organized as above stated, the defendants being named in the articles as incor-

porators, and executing the same as such, and they, together with ninety other citizens of Ashland, subscribed for 300 shares of the stock of the corporation. The secretary of the Business Men's Association (the defendant *Heydlauff*) collected $9,000 on these stock subscriptions, and paid the same to Rice, to be expended in the prosecution of the enterprise. The Minneapolis parties never actually subscribed for any stock, and no stock certificates were ever issued by the corporation. The testimony is further stated in the opinion.

The court refused to direct a verdict for defendants, and instructed the jury that before they could find for plaintiff they must find either that the corporation promised to pay plaintiff for his services, or that after it was organized the corporation or its duly authorized representative, knowing all the facts, adopted such drawings, etc., and used the same, thus approving and ratifying the alleged agreement of Rice that the corporation should pay for the same. The jury returned a general verdict for plaintiff, assessing his damages at the sum claimed. A motion by defendants for a new trial was denied, and judgment entered for plaintiff, pursuant to the verdict. Defendants appeal from the judgment.

For the appellants there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*. They argued, among other things, that a corporation can be liable only for its own acts done after it had a legal existence. Promoters do not represent the corporation in any relation of agency, and have no authority to make preliminary contracts binding the corporation when it shall be formed. Mere acceptance of the benefit of a contract does not imply a promise on the part of a corporation to adopt and perform it. 4 Am. & Eng. Ency. of Law, 201; *Caledonian & D. J. R. Co. v. Helensburgh*, 2 Macq. 391; *Payne v. N. S. W. C. & I. S. N. Co.* 10 Exch. 283; *New York & N. H.*

*R. Co. v. Ketchum,* 27 Conn. 170; *Safety D. L. Ins. Co. v. Smith,* 65 Ill. 309; *Western S. & M. Co. v. Cousley,* 72 Ill. 531; *Rockford, R. I. & St. L. R. Co. v. Sage,* 65 Ill. 328; *Marchand v. Loan & P. Ass'n,* 26 La. Ann. 389; *Franklin F. Ins. Co. v. Hart,* 31 Md. 59; *Penn Match Co. v. Hapgood,* 141 Mass. 145; *Munsan v. S., G. & C. R. Co.* 103 N. Y. 58.

For the respondent there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*

LYON, J. 1. The averments of the complaint indicate that this action was brought under sec. 1773, R. S., which provides, in respect to stock corporations, as follows: "No such corporation shall transact business with any others than its members, until at least one half of its capital shall have been duly subscribed, and at least twenty per centum thereof actually paid in; and if any obligation shall be contracted in violation hereof, the corporation offending shall have no right of action thereon; but the stockholders then existing of such corporation shall be personally liable upon the same." That the action was brought under such section is apparent from the facts that a violation thereof is pleaded, and that plaintiff amended his complaint on the trial by alleging that the defendants were stockholders in the corporation from its organization, thus bringing them within the provisions and rendering them liable to the penalties of the section. Moreover, the case was given to the jury on the theory that it is an action under sec. 1773; for they were instructed that, unless they found the facts which brought the case within that section, the plaintiff could not recover. The record shows no objection to this by plaintiff, and no claim on his part that the action had a broader scope.

The contract with plaintiff for his services was made by Rice before the North Star Iron-Works Company of Ashland was incorporated, and although Rice may have con-

tracted therefor in form for that corporation when organized, this could not bind it after it was organized. The law is that a corporation is liable for its own acts only after it has a legal existence. Until that time no one, whether a promoter or not, can sustain to the corporation the relation of agent. Were this not so, we would have an agent without a principal, which is an absurdity. But if one assumes to act as agent for a prospective corporation, and in form enters into a contract in its behalf, it is competent for such corporation, when organized, to ratify such contract. If, with full knowledge of all the facts, but not otherwise, the corporation assumes the contract and agrees to pay the consideration, or accepts the benefit of the contract, it will be bound thereby. 4 Am. & Eng. Ency. of Law, 201, § 9, and cases cited in notes. Some of these cases are cited in the brief of counsel for defendants. They need not be here repeated.

As we understand the charge of the learned circuit judge, he gave the jury the law substantially as above stated. But the infirmity in the charge is that the uncontradicted evidence proves that, when Rice entered into the alleged contract with plaintiff, the Wisconsin corporation had no existence, and there is no testimony tending to prove that the corporation, after it was organized, promised to fulfil the contract, or that, with full knowledge of all the material facts, it received the benefit of the contract by appropriating or using the drawings, etc. Indeed, there is no proof that the corporation ever knew that Rice had contracted in its name, or that it ever performed any corporate acts after it was organized. Hence, upon the theory on which the case was tried, there was nothing to submit to the jury, and the court should have directed a verdict for defendants.

2. It is maintained by counsel for plaintiff that there is testimony in the case showing that Rice acted as the au-

Buffington vs. Bardon and others.

thorized agent of the defendants, or some of them, in making the contract with plaintiff, or that they, or some of them, have ratified such contract, and thus made themselves personally liable thereon without regard to the corporation; and hence that a verdict for plaintiff should have been directed, at least against some of the defendants. Certainly, the facts thus suggested were not conclusively proved, if it be assumed that there was testimony tending to prove them. There was conflicting testimony, which, in any event, would send those questions of fact to the jury. Such questions were not submitted, and the court was not requested to submit them, to the jury, and the jury have not passed upon them. Hence, if it be conceded that the plaintiff was entitled to have them thus submitted, that will not save the verdict and judgment, which, as we have seen, are based on a theory which is unsupported by evidence.

We are of the opinion, however, that, under the complaint in its present form, it is not competent for the plaintiff to prove that Rice acted as the authorized agent of the defendants, or either of them, in making the contract with plaintiff, or that any of the defendants ratified such a contract. As there must be another trial, the circuit court may, in its discretion, allow the plaintiff to amend his complaint in this respect, if he desires to do so, by adding thereto a count based upon the alleged liability of defendants, irrespective of the corporation, or in any other appropriate manner.

3. It was objected on the argument in this court that the action should have been brought in equity, instead of at law. This objection comes too late. Not having made it until the case reached this court, the defendants must be content with the remedy a court of law may properly administer.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.