# MARY H. D. TUTTLE *vs.* GEORGE A. TUTTLE COMPANY, et al.

## Sagadahoc.    Opinion March 21, 1906.

*Promissory Notes.   Failure of Consideration.   Contracts.   Corporation Promoters. Corporations not Liable on Contracts made by Its Promoters, When.*

When a promissory note is given for two or more independent considerations and there is a failure of any of such considerations, such failure is a defense pro tanto to such note in an action between the original parties or between others standing in no better position than the original parties.

In the absence of ratification or adoption after its organization or of a charter or statutory provision imposing liability, a corporation is not liable for services performed for it before its organization under a contract made by its promoters although the contract may have been made on its behalf with the understanding that it should be bound.

In the case at bar, there has not been any resolution or other act of the defendant corporation or of its officers which recognizes a liability on its part to the plaintiff or her husband on account of any agreement made with them by its incorporators.   The act of the corporation as evidenced by the vote of its board of directors is no such recognition of liability as would amount either to the creation of a new contract by the corporation or the ratification or adoption of a contract originating with its promoters; for by this resolution the note in suit was ostensibly given for another purpose, to pay a liability of the business which it was purchasing.   Whatever else may have been the secret intention of the directors individually, they were unable to give effect to it by concealing the character of the transaction, and if there was a bonà fide claim the plaintiff should have seen to it that the liability of the corporation was definitely established.

It is therefore *held* that at the date of the note in suit, which was given for $3000, there was no liability on the part of the defendant corporation to the plaintiff beyond the debt of $1,400 which the defendant corporation assumed in part payment of the business which it was purchasing, and that there was a partial failure of the consideration for which the note was given and that it was an error to assess the damages at the full amount of the note.

On motion by defendants.    Sustained.

Assumpsit on a joint promissory note given by the defendants to the plaintiff.    The note reads as follows:

"$3000                                                   Feb. 11, 1902.

On demand after date we promise to pay to the order of Mary H. D. Tuttle three thousand dollars at — with interest at 6 per cent. per annum payable every three months.

Value received.                    GEORGE A. TUTTLE COMPANY

                                   By George A. Tuttle, President."

Written on the back of the note is the following:

"George A. Tuttle. Waiving demand and notice. John S. Millin. Waiving demand and notice."

The writ runs against the George A. Tuttle Company and John S. Millin, and contains three counts, together with an averment that George A. Tuttle "has long since deceased" and that "Walter E. Tuttle is the executor of the goods and estate of said George A. Tuttle deceased." Plea, the general issue and a brief statement as follows:

"And for a brief statement of special matter of defense to be used under the general issue pleaded the said defendants further say: that when the note in suit was executed and delivered the said George A. Tuttle Company then owed the plaintiff in suit the sum of fourteen hundred dollars, and no more; that this was the entire and only consideration for said note, and that the same was made for three thousand dollars at the suggestion of the plaintiff or her agent, that by this means, if said defendant corporation became financially involved the plaintiff would receive her pay in full. And defendants say that there is no valid consideration in law for this note, all of which the plaintiff well knew."

This action was tried at the April term, 1904, of the Supreme Judicial Court, Sagadahoc County. Verdict for plaintiff for $3000 "with interest from August 11, 1903." The defendants then filed a general motion to have the verdict set aside and a new trial granted.

The case is stated in the opinion.

*Jesse C. Ivy and George M. Seiders*, for plaintiff.

*Arthur J. Dunton and William H. Newell*, for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J. Assumpsit on promissory note. The case is before the court on motion of defendants for new trial. The action is on a joint promissory note of the defendants to Mary H. D. Tuttle for $3000, dated February 11, 1902, with interest at six per cent payable on demand. The jury found a verdict for the plaintiff for the full amount of the note and interest.

The plaintiff is the wife of Edward P. Tuttle. The defendant, John S. Millin, is treasurer of the George A. Tuttle Company and owner of the majority of the capital stock. The defendant, Walter E. Tuttle, is the executor of the will of George A. Tuttle, deceased. George A. Tuttle, an elder brother of Edward P. Tuttle, carried on a dry goods business in Bath. On account of poor health he was obliged to give up his business and on the eighth of February, 1902, the defendant corporation was organized and George A. Tuttle transferred to said corporation all the merchandise and assets of George A. Tuttle & Co., for which stock was issued in part payment.

The plaintiff claimed that the note was founded upon the following considerations : first, the balance due on a promissory note of the said George A. Tuttle & Co. to the plaintiff assumed by the corporation as one of the obligations of the business purchased by it in accordance with the vote of the directors which authorized the assumption of all outstanding liabilities of the business formerly conducted by George A. Tuttle ; second, the services of the plaintiff and her husband in raising three thousand dollars and lending it to the defendant company and the endorsing by Edward P. Tuttle of a promissory note for two thousand seven hundred dollars made by George A. Tuttle to W. W. Pendexter, dated February 8, 1902, payable sixty days after date, whereby the defendants were enabled to buy out and unite the business of W. W. Pendexter and George A. Tuttle & Co.; third, the services of Edward P. Tuttle rendered in buying out W. W. Pendexter, effecting the organization of the corporation, and thereafter supervising and directing its business.

The defendants claimed that there was no consideration for and no

liability on the note beyond the amount of one thousand four hundred dollars, the balance remaining due on the old obligation of George A. Tuttle & Co. In order to find a verdict for the plaintiff for the whole amount sued for the jury must have found in the evidence facts supporting the second and third claims of the plaintiff; and it is necessary therefore to consider whether these services rendered and to be rendered as claimed therein were sufficient in law to support the joint promise upon which this suit is founded, and whether the jury were warranted in their conclusions of fact by the evidence introduced.

The plaintiff's second claim can be speedily set aside as in no wise established by the testimony of her own principal witness. The testimony of Mr. E. P. Tuttle as to the offer made by him and his wife to the promoters of the corporation prior to its organization is as follows: "that if the corporation should give my wife a note for $3,000 we would surrender the note for $1400. That that $3000 note could stand as long as affairs looked all right, for a reasonable length of time, they to pay the interest on the same quarterly." In reply to the question, "What was the $3000 note to be for?" he says, "For securing the business for them, securing the location and the stand and advancing $3000 cash payment, and endorsing the note of my brother."

It appeared in evidence that both the loan obtained for the corporation by Mr. and Mrs. Tuttle and that secured by Mr. Tuttle's endorsement were afterwards paid, and it cannot be supposed that the $3000 note in this suit, so far as it relates to these transactions, was ever intended to be more than security for the protection of Mr. and Mrs. Tuttle in temporarily lending their credit to the company or its promoters. Such is the evident meaning of Mr. Tuttle's own proposition. Even if it were possible to detect in the transaction a sufficient consideration for a promise to pay the amount of this note as an additional obligation, such an understanding could not be inferred from the relations of the parties or the testimony of Mr. E. P. Tuttle himself, who is the actual plaintiff in the case.

The third claim, that of a consideration founded upon the personal services of Mr. E. P. Tuttle, is of a more plausible character; but

the services in question seem but slightly connected with the circumstance of executing this note and to have been rendered for other reasons of personal interest. If any compensation was expected or contracted for it does not seem to have been in the form of the note which is here sued.

But a final defense to the present action is the absence of any promise by the corporation, one of the parties' defendant, beyond the amount of the $1400 liability of George A. Tuttle & Co. to the plaintiff.

The following is the record of the directors authorizing the note.

" February 8th, 1902. Special meeting of the Board of Directors, called by the president, pursuant to the power given him in the By-Laws. Present, George A. Tuttle, John S. Millin. It was voted: That the company purchase the stock, fixtures and entire business, including good-will of George A. Tuttle, paying therefor $2400 cash and in capital stock of the corporation, 68 shares, and that the company assume all outstanding liabilities of the business formerly conducted by George A. Tuttle and none other. Voted: That the President be directed to give to Mrs. Mary H. D. Tuttle the note of the company for $3000, payable on demand, with interest at 6 per cent. per annum, payable every three months, said note being given to cover the outstanding liability of the business of George A. Tuttle."

It appears clearly from the record of the case that whatever rights accrued to the plaintiff or her husband beyond the original $1400 were in no sense a liability of the business of George A. Tuttle but arose from some agreement between E. P. Tuttle and the promoters of the corporation incident to its organization or from benefits conferred on the corporation and accepted by it without contract.

In England it has been held in the more recent cases that in the absence of a charter or statutory provision a contract made by the promoters of a corporation on its behalf before incorporation is a nullity and that the corporation cannot ratify or adopt it and thus make it binding upon it after incorporation, although an action quasi ex contractu may be maintained against it if it accepts the benefit of such a contract. *Kelner* v. *Baxter*, L. R. 2 C. P. 174;

*Melhado* v. *Porto Alegre New Hamburgh & B. Ry. Co.*, L. R. 9 C. P. 503 ; In re *Empress Engineering Co.*, 16 Ch. Div. 125 ; In re *Northumberland Ave. Hotel Co.*, 33 Ch. Div. 16 ; 1 Clark and Marshall, Private Corporations, 306.

A similar view has been taken by the Supreme Court of Massachusetts. *Abbott et als.* v. *Hapgood et al.*, 150 Mass. 248 ; *Holyoke Envelope Co.* v. *U. S. Envelope Co.*, 182 Mass. 171 ; *Bradford* v. *Metcalf*, 185 Mass. 205.

A more liberal view is taken by the courts in other states, which hold generally that a contract made by the promoters of a corporation on its behalf may be ratified or adopted by the corporation when organized and that the corporation is then liable both at law and in equity on the contract itself and not merely for the benefits received. *Stanton* v. *N. Y., etc., Ry. Co.*, 59 Conn. 272 ; *Smith* v. *Parker*, 148 Ind. 127 ; *Grape Sugar and Vinegar Mfg. Co.* v. *Small*, 40 Md. 395 ; *Low* v. *Railroad*, 45 N. H., 370 ; *Bell's Gap Ry. Co.* v. *Christy*, 79 Pa. St., 54 ; *Buffington* v. *Bardon et al.*, 80 Wis. 635 ; *Whitney* v. *Wyman*, 101 U. S. 392.

The American courts, however, insist in every instance on an express resolution or some other act by the corporation subsequent to organization showing an intent to be bound : *Ireland* v. *Globe Milling and Reduction Co.*, 20 R. I. 190.

Consequently it is held that a corporation is not liable in the absence of ratification or adoption or of a charter or statutory provision imposing liability, for the salary of a superintendent or other person for services performed for it before its organization under a contract made by its promoters, although the contract may have been made on its behalf and with the understanding that it should be bound and although the promoters who made it have become its stockholders and officers. *Western Screw & Mfg. Co.* v. *Cousley*, 72 Ill. 531 ; *Little Rock & Ft. Smith R. Co.* v. *Perry*, 37 Ark. 164 ; *Carey* v. *Des Moines Co.-Op. Coal & Min. Co.*, 81 Iowa, 674 ; 1 Clark & Marshall, Private Corporations, 304.

Nor is it bound by an agreement by its promoters that a person shall be employed by it at a certain salary when it shall be organized.

In the case of *Oakes* v. *The Cattarugus Water Co.*, 143 N. Y. 430,

it was held by a divided court that while such a contract was not binding upon the corporation at its inception, yet it might be ratified by the president on behalf of the corporation when it attained a legal existence, and that there being evidence that the services were performed at the request of the president who was also the chief promoter of the corporation and that he acknowledged the indebtedness and promised to pay it, there were under the circumstances questions of fact for the jury.

There has not been in the case at bar any resolution or other act of the corporation or of its officers which recognizes a liability on its part to E. P. Tuttle or his wife on account of any agreement made with them by its incorporators. The act of the corporation as evidenced by the vote of the Board of Directors is no such recognition of liability as would amount either to the creation of a new contract by the corporation or the ratification or adoption of a contract originating with the promoters; for by this resolution the note is ostensibly given for another purpose, to pay a liability of the business which it is purchasing. Whatever else may have been the secret intention of the directors individually they were unable to give effect to it by concealing the character of the transaction, and if there was a bona fide claim the plaintiff should have seen to it that the liability of the corporation was definitely established.

Since at the date of the note there was no such liability on the part of the corporation beyond the $1400 debt of George A. Tuttle & Co. to the plaintiff which it assumed in part payment of the business, there was a partial failure of consideration, and it was an error to assess the damages at the full amount of the note. The rule is stated in a recent case, "Whenever a promissory note is given for two or more independent considerations and there is a failure of consideration as to one, as where the title to one of the articles sold is not in the vendor at the time of the sale or where there is a breach of warranty or a misrepresentation as to quality, for the purpose of avoiding circuity of action, the law will allow the defendant in an action between the original parties, or between others standing in no better position, to show such partial failure of consideration in reduction of damages." *Hathorn* v. *Wheelwright,* 99 Maine, 351.

*Motion sustained.*