ROBERT R. SMITH *vs.* THE NEW HARTFORD WATER COMPANY.

First Judicial District, Hartford, March Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A corporation having accepted services incident to its incorporation and organization may lawfully undertake to pay therefor; and a duly authorized note of the corporation, given for the amount agreed upon, rests upon a valid consideration.

In the present case the note was given to reimburse the plaintiff—who afterwards became a director and the president of the defendant corporation—for expenses incurred by him in obtaining the charter and effecting the organization of the company, and for certain ex-

Smith *v.* New Hartford Water Co.

tra-official services. *Held* that in accepting the note he was not thereby obtaining such an improper advantage as to render it voidable.

A renewal note legally issued by a corporation is not invalidated by reason of defective authority in the execution or issue of the original.

Argued March 12th—decided April 2d, 1901.

ACTION by the payee to recover the amount of two promissory notes, brought originally to the Court of Common Pleas in Litchfield County and removed, under the counterclaim of the defendant, to the Superior Court in that county and tried to the court, *Elmer, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings and findings of the court. *No error.*

The notes, one for $400 and the other for $350, were made by the defendant and payable to the plaintiff. The answer admits the execution of the notes, and sets up in defense a total want of consideration, alleging, in addition to the direct denial of any consideration and as inconsistent with any valid consideration, certain facts relative to the organization of the defendant corporation at the time the plaintiff was a stockholder, director and president, and in relation to the good faith of the directors in transactions connected with the first recognition by the corporation of the obligation to the plaintiff, which was the nominal consideration of the notes. The allegations of the answer were denied in the reply. Upon the issue of fact thus joined a trial was had, and the judgment file recites that the court finds the issue for the plaintiff. The defendant filed a request for a finding, asking the court to specially find the facts on which the judgment was founded and the subordinate facts from which the main facts and conclusions were found, and also asking a finding of the facts necessary to present questions upon the admission of evidence and other questions of law arising during the trial. In pursuance of this request the court (*Elmer, J.*) made a finding. The defendant filed a motion to correct the finding, which was allowed only in part, and filed exceptions to the finding as

made. This finding, following the draft finding of the defendant, so intermingled the two findings requested as to produce confusion.

The facts found by the court are sufficiently stated in the opinion; and as the decision turns on the legal capacity of these facts to support the conclusion of a valid consideration for the notes in suit, any further statement of details is unnecessary.

*Wellington B. Smith* and *Frank B. Munn*, for the appellant (defendant).

*Theodore M. Maltbie* and *Samuel A. Herman*, for the appellee (plaintiff).

HAMERSLEY, J. The following facts appear from the statements and documents contained in the findings : The defendant corporation was chartered in 1889 for the purpose of constructing and maintaining water-works in the town of New Hartford, with an authorized capital of $30,000, divided into 1,200 shares. In 1891 the corporation was organized with a subscription for 400 shares, and the plaintiff appointed a director and president, and he with the other directors were all the stockholders. No definite arrangement to construct the water-works was made until April 17th, 1894. Prior to that date the plaintiff had expended his own funds to an amount in excess of $750 in obtaining the defendant's charter, in organizing under the charter, and in defraying the corporate expenses after organization; and had rendered other services, not included in his official duties, valuable to the defendant.

On April 17th, 1894, the defendant made a contract with one John T. Langford, for the construction by him of its water-works, whereby it was agreed, among other things, that in part payment for such construction the company should issue to Langford its entire capital stock of 1,200 shares, he immediately to transfer to the several persons named (in payment of their services in part and to continue them as share-

holders) the number of shares which had been subscribed for by them. The persons so named were all the directors and all the existing stockholders, who relinquished to the company their right to take the shares subscribed for by them, upon the conditions set forth in said agreement with Langford. By this agreement the defendant also recognized its obligation to pay the expenses incident to its organization. This agreement was authorized and approved by the unanimous vote of the board of directors, and was made with the knowledge and approval of the owners (whether legal or equitable) of every share of stock. The same day, and as a part of the same transaction, a separate agreement was made between Langford, the plaintiff, and one other director, in their individual capacity, in respect to the execution of the main agreement, which recognized the liability of the corporation to the plaintiff for expenses incident to its organization, to the extent of $750. Every shareholder, legal or equitable, was a party in interest to this agreement; and the holder of every share, with the exception of 26 shares, was an executing party. On the same day (April 17th) a promissory note of the defendant for $750, payable to the plaintiff, was signed by the plaintiff as president of the corporation. For this action he had no authority, unless derived from the transaction above stated. On August 8th, 1894, the defendant corporation, at a directors' meeting duly and legally held, voted that the treasurer issue notes of the company to J. T. Langford, as per contract with him, and that the treasurer be authorized to issue the notes of the company for $750, payable to the plaintiff in full compensation, in addition to stock before named, for services rendered and expenses incurred by him on account of the company to April 17th, 1894, he assuming all liabilities for the company, if any were outstanding at that date, and also for services and expenses he had incurred and might incur from that date until certain terms mentioned in the contract with Langford should have been carried out. Under authority and in pursuance of this vote, two notes of the defendant were duly executed and received by the plain-

tiff in place of the note for $750. These notes were renewed from time to time, and the notes in suit are the last renewals.

The defendant claims that in some particulars these facts are found without evidence. We think the contrary is apparent, and that they are found upon fair inferences from testimony given and facts proved or admitted upon the trial.

These facts amply support the conclusion of the trial court that there was a valid consideration for the notes sued upon. Assuming that in this case the defendant might lawfully have objected to reimbursing the plaintiff for his expenses incurred in procuring its charter and securing its organization, yet those expenses having been incurred for the benefit of the defendant and the benefit having been accepted, it might lawfully undertake the obligation to pay them; *New York & N. H. R. Co.* v. *Ketchum,* 27 Conn. 170, 179; and having undertaken the obligation to pay an agreed amount, a promissory note given for that amount is not without consideration.

The accepting of a note by the plaintiff for expenses incurred prior to his becoming a director was not obtaining an advantage for himself, so as to make the obligation voidable. *Twin-lick Oil Co.* v. *Marbury,* 91 U. S. 587.

Any illegality by reason of defective authority or execution which might have affected the note for $750, did not attach to the two notes, validly authorized and executed, which were received by the plaintiff in its place. Even if the title of the directors at the time of the transaction of April 17th, 1894, was defective, as claimed by the defendant, the agreements then made on behalf of the corporation were such as could be ratified, and they were ratified by its subsequent action. *Stanton* v. *New York & E. R. Co.,* 59 Conn. 272, 285. Moreover, the action of August 8th established a good consideration for the notes given and accepted in pursuance thereof, independently of the assumption by the defendant on April 17th of the obligation to pay the expenses incident to its organization.

The claim that all the transactions from April 17th to August 8th, including the issue of the notes then authorized, were fraudulent and illegal, cannot be maintained as a conclusion

of law from the facts found; if material to the issue, it must depend on the fact of fraud, which was one incumbent on the defendant to prove, made an issue of fact by the pleadings, and found by the court for the plaintiff. There is nothing in the finding, nor in the record, which this court can say renders that conclusion of the trial court unwarranted.

The other claims discussed upon the argument cannot affect the validity of the judgment, and do not call for consideration.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.