# HART–TOOLE FURNITURE CO. v. SHAHAN. (No. 1631.)

(Court of Civil Appeals of Texas. Amarillo. March 24, 1920.)

1. **Corporations** &⟶448(1)—Not liable on contracts of organizers for its benefit.

A corporation is not bound by agreement made by its promoters and organizers, though the services rendered thereunder resulted in benefit to the corporation.

2. **Corporations** &⟶448(2)—May adopt contract made by organizers.

A corporation may, after its organization is complete, adopt a contract made by its organizers where the services rendered thereunder resulted to its benefit.

3. **Corporations** &⟶448(2)—Past benefits consideration for adoption of organizer's contract.

Benefit to a corporation resulting from services rendered under an agreement by its organizers is sufficient consideration to support the corporation's adoption of the contract after its organization is complete.

4. **Corporations** &⟶448(2)—Inventory of stock not purchased held benefit to corporation.

An inventory, made under agreement with the organizers of the corporation, of a stock of furniture on which the organizers desired to bid, was for the corporation's benefit, though it did not acquire the furniture and furnishes sufficient consideration for the corporation to adopt the contract of its organizers.

5. **Frauds, statute of** &⟶23(4)—Adoption of contract of corporation's organizers is original undertaking.

Where a corporation, after its organization was completed, adopted a contract of its organizers under which services resulting to its benefit had been rendered, the contract becomes an original undertaking, not a promise to answer for the debt of another, and need not be in writing.

Appeal from Dallas County Court; T. A. Works, Judge.

Action by A. E. Shahan against the Hart-Toole Furniture Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Holland & Bartlett, of Dallas, for appellant.

John White and M. M. Parks, both of Dallas, for appellee.

BOYCE, J. This suit was brought by appellee Shahan, against the appellant, Hart-Toole Furniture Company, a corporation, to recover compensation for services alleged to have been rendered for the benefit of the corporation prior to its organization. The recovery is based on the theory that the services rendered were for the benefit of the corporation, which was in process of organiza-

tion at the time that they were rendered, at the instance of the organizers and subsequent stockholders, and that the corporation, after the completion of the organization, agreed to pay therefor.

The verdict of the jury on the conflicting evidence establishes these facts: That sometime in May, 1915, T. F. Hart and Mat Toole began preparations to open up a furniture business in the city of Dallas. It may be inferred that from the start they intended to incorporate for the purposes of handling the business, and that the stockholders therein were to be composed of the said T. F. Hart and the members of his family, and Mat Toole. Prior to the organization, said T. F. Hart and Mat Toole secured a lease on a building in Dallas and began remodeling it for occupancy of such business, and began preparations for buying the stock of goods with which to open up the business. Soon after such parties began such preparations to engage in such business, they requested the appellee, Shahan, to make an inventory of the stock of goods of the Strickland Furniture Company, a bankrupt, which was then for sale, with a view of bidding on and purchasing said stock of goods for their business. The said Shahan spent four days in doing such work and furnished said parties with a report thereof. They thereupon made a bid for the purchase of said goods, which was not accepted. Later the said Mat Toole and T. F. Hart went to the northern markets for the purpose of purchasing the stock of furniture, and at the request of said parties, or one of them, the said Shahan superintended the work of remodeling the building which was to be occupied by the company, and which remodeling was then in progress. These services furnished the basis of a further claim for the compensation sued for herein. The services were rendered under an agreement with such parties that they were to be paid for at a stipulated rate per day. After organization, the corporation, acting through L. A. Hart, son of T. F. Hart, who was made vice president and manager of the business, agreed to pay plaintiff in accordance with the understanding as to compensation had with the organizers at the time the work was done.

[1-3] It is, of course, true that the corporation was not bound by the previous agreement made by its promoters and organizers, and the mere fact that the services rendered under such agreements resulted in benefit to the corporation as subsequently organized would not be sufficient, under the facts of this case, to have bound the corporation to pay for such services. Weatherford Railway Co. v. Granger, 86 Tex. 356, 24 S. W. 795, 40 Am. St. Rep. 837; Jones v. Smith, 87 S. W. 210. It is, however, the general rule that the corporation may, after organization is complete, adopt the contracts made by the promoters, and in that event will be bound thereby. The appellant contends, however, that in this case there was no consideration for the subsequent agreement of the corporation to pay for the services already rendered, since the consideration was a past consideration, and that in particular the corporation received no benefit of the services of the appellee in taking an inventory of the stock of the Strickland Furniture Company, and would not be bound to pay for such services. We do not think this position well taken. The services were performed for the benefit of the corporation then being organized. The only reason it was not bound by the agreement of the promoters in the first instance was on account of lack of power of such persons to bind an entity not then in existence. We think these facts furnished a sufficient consideration for the subsequent agreement to pay for the services so rendered. Smith v. New Hartford Water Co., 73 Conn. 626, 48 Atl. 754; Bruner v. Brown, 139 Ind. 600, 38 N. E. 318; Stanton v. New York, etc., Ry. Co., 59 Conn. 272, 22 Atl. 300, 21 Am. St. Rep. 118; Fletcher's Enc. of Corporations, vol. 1, p. 338; Thompson on Corporations, §§ 95–98; Cushion Heel Shoe Co. v. Hartt, 181 Ind. 167, 103 N. E. 1063, 50 L. R. A. (N. S.) 979, and notes.

[4] The question as to whether the receipt of the benefit of past service is a sufficient consideration to support a subsequent agreement to pay therefor does not seem to have been raised very frequently. The first citation, however, does directly support our conclusion, and it seems to be impliedly recognized in the general statement of the rule by all of the authorities, and we have been cited to no authority which holds to the contrary. The proposition that the corporation received no benefit of the services in inventorying the Strickland stock of furniture is a result, we think, of a too narrow view of the transaction. These services were a part of the work of selection and purchase for the company of its opening stock of goods. If a competent furniture man be employed to purchase a stock of goods, and in the course of his employment visits a half dozen places and inspects goods and gets prices, but makes no purchase at such places, but finally selects and purchases the stock at the seventh place, it certainly could not be said that he performed no service of benefit to his employer in respect to those proposals which were rejected. The benefit of the service appears in the final quality and price of the goods bought—the ultimate result of the process of elimination and selection. The service of the appellee was one of the factors in this process.

[5] It is also insisted that the contract for the corporation is one to answer for the debt of another and comes within the provisions of the statutes of frauds. We think

that such agreement upon adoption by the corporation becomes an original undertaking and does not come within such statute. Fletcher's Enc. of Corporations, § 154; note to 26 L. R. A. 549.

We think the evidence is sufficient to support the finding that the appellant, after its incorporation, adopted the agreement previously made with appellee for payment of compensation for the services he had rendered.

We conclude that the judgment of the trial court should be affirmed.