J. W. KRIDELBAUGH, Appellee, v. ALDREHN THEATRES COMPANY, Appellant.

CORPORATIONS: Liabilities—Contracts Antedating Incorporation. A corporation is not liable on a contract for services which are incident to its legal creation; nor does the exercise by the newly created corporation of its charter and by-laws relate back, and constitute a ratification of such contract. But such newly created corporation does ratify such former contract when it promises to pay the obligation created thereby, *and in connection therewith* employs the beneficiary to perform additional services for the corporation which will enable it to comply with its said promise.

*Appeal from Lucas District Court.—*D. M. ANDERSON, Judge.

FEBRUARY 6, 1923.

ACTION at law to recover the value of legal services performed by plaintiff. The opinion states the facts. Jury was waived and trial had to the court. Judgment entered in favor of the plaintiff in the sum of $1,032.30 with interest. Defendant appeals.—*Affirmed.*

*John D. Denison,* for appellant.

*J. A. Penick* and *J. W. Kridelbaugh,* for appellee.

DE GRAFF, J.—Plaintiff seeks to recover $1,530.32 as attorney's fees and expenses incidental to the incorporation of the defendant company. The petition alleges the contract in suit with the promoters of the defendant corporation, the performance of the work contemplated by the contract, an adoption or ratification by the board of directors of said corporation, and the failure to pay. The answer denies liability; denies adoption or ratification by the corporation; denies the authority of the promoters to bind the corporation in any manner, and alleges that if anyone is indebted to the plaintiff upon the contract and account, the promoters are individually liable.

Three persons, J. L. Adams, Mrs. J. W. Adams, and W. D. Jamieson, were engaged in the business of operating and promoting theaters in the state of Iowa. They first incorporated the Adams Theatres Company and for services connected therewith the plaintiff was employed and compensated. Subsequently they proposed to incorporate another company and the plaintiff was informed that his services would be required, and he was instructed to investigate and determine in what state it was deemed advisable to incorporate. He proceeded to investigate and his plan was finally adopted by the promoters and the company was duly incorporated March 10, 1920 in the state of Delaware with its principal place of business in Des Moines, Iowa. The three promoters became its only directors.

It is undisputed that the services were performed and the

expenses were incurred at the instance and request of the promoters of the defendant corporation, and that the promoters promised to pay the plaintiff $1,500 for his services. Under these facts the initial question is whether the promoters and incorporators could legally bind the defendant corporation as agents.

The doctrine of agency is bottomed on the fiction of identity of principal and agent. There was no principal at the time that the contract in suit was made and consequently there was no agency. Principal and agent are correlative and coexistent terms. Promoters are individually liable on their contracts, and this is true whether or not their efforts and initiative result in a corporation being called into existence. The answer to the first question must be in the negative. See, *Wall v. Niagara Min. & Smelt. Co.* 20 Utah 474 (59 Pac. 399) ; *Jones v. Smith,* (Tex. Civ. App.) 87 S. W. 210.

In logical sequence, the next question to be answered is whether the user *per se* of the charter and by-laws by the defendant is an adoption or ratification of the promoters' contract?

To answer this question in the affirmative it would be necessary to hold that a corporation under such circumstances is inherently obligated to pay for services incident to its organization and for which services its promoters have agreed to pay. Does a corporation on coming into existence adopt by acquiescence the contract of its promoters to pay for legal services and expenses in its creation? Does its obligation to pay under the terms of the promoters' original contract come into being at the time the corporation has its birth without any act on its part through its board of directors or its duly constituted official?

We answer again in the negative. This is not a case in which the corporation can accept or refuse the benefits of a contract. Under the instant record it had no choice. Like a child at its birth it must be born in the manner provided. There is no volition on its part. When a corporation accepts the benefits of a contract made by its promoters it takes *cum onere,* but it is important to understand definitely and distinctly what is meant by that statement.

In *Weatherford, M. W. & N. R. Co. v. Granger,* 86 Tex. 350 (40 Am. St. Rep. 837) it is said: "There is, so far as this

matter is concerned, a radical difference between a promise made on behalf of the future corporation in the contract itself, the benefits of which the corporation has accepted, and the promise in a previous contract to pay for services in procuring the latter to be made. * * * Here a proposition was made on behalf of the company, by its promoters, that, if a bonus should be subscribed and paid to it, it would build its road between certain points, and would carry coal at a certain stipulated rate. By accepting the bonus, the company became bound to fulfill the stipulations of that contract. That was the burden which it took with the benefits of the agreement. It also appears that one of the promoters promised the plaintiff that, if he would assist in procuring subscribers to the bonus, the company would pay him for his services. This was no part of the contract the benefits of which were taken by the defendant. * * * Such payment is frequently provided for in the act of incorporation, or in the articles when the incorporation is effected under a general law. When such is the case, persons who take stock in the company are chargeable with notice that a liability for this purpose has already been created, and it is proper for the corporation to discharge it.'' Furthermore it is immaterial that the promoters thereafter became officers of the corporation. The act of a promoter is not the act of the corporation.

We now pass to the pertinent and vital question in this case. Did the corporation subsequently to the date of its creation adopt or ratify, expressly or impliedly, the contract of its promoters in relation to the payment of the plaintiff for services rendered by him?

Unless an affirmative answer can be made to this question there can be no recovery in this case. The trial court sitting as a jury, with consent of the parties to this action, ruled that ''the promoters could contract and bind the corporation only for the fair and reasonable value of services rendered by plaintiff.'' An appellate court is not necessarily concerned with the basis of a trial court's ruling or the reason given therefor. It is concerned with the record before it, and the legal justification or warrant found therein to support the judgment entered. The trial court in the instant case determined the reasonable value of the services performed. If this was error it was error without

prejudice to the appellant, and the appellee has saved no exception to the judgment or taken an appeal therefrom.

The adoption or ratification of a contract by a corporation is nothing more nor less than the making of an original contract. The theory of corporate ratification is predicated on the right of a corporation to contract, and any ratification or adoption is equivalent to a grant of prior authority. *Horrabin & Co. v. McCallum*, 191 Iowa 441; *Bobzin v. Gould Bal. Valve Co.*, 140 Iowa 744; *Pratt v. Oshkosh Match Co.* 89 Wis. 406 (62 N. W. 84); *Smith v. New Hartford Water Co.*, 73 Conn. 626 (48 Atl. 754).

The adoption or ratification of a contract by a corporation need not be shown by express acts, but it may be established by implication, as any other original contract. *Van Noy v. Central Union Fire Ins. Co.* 168 Mo. App. 287 (153 S. W. 1090).

In the instant case the plaintiff does not sue on *quantum meruit*. He seeks to recover on a specific contract with the promoters, which contract, it is alleged, was adopted or ratified by the corporation after its creation through its board of directors. What is the record in this particular?

The plaintiff subsequently to the incorporation of the defendant attended the first meeting of the board of directors. At that meeting there was some conversation in regard to getting a permit to sell the stock in the state of Iowa. Plaintiff's undisputed testimony is as follows: "Adams [one of the directors] said, 'Well, you go ahead now and get that permit just as soon as you can, because we want to sell some stock; and we will pay you just as quick as we can sell some stock with which to pay you.'"

This was said at a time when the question of the fee and expenses of the plaintiff was under discussion. It was an express authorization of the plaintiff to act as attorney for the corporation in securing the permit, and a recognition on the part of the board that the plaintiff should be paid for past services in the organization of the corporation and for services which he was to perform and which he did perform.

It is not necessary that a board of directors employ an attorney by a formal act or resolution. *Ney v. Eastern Iowa Tel. Co.* 185 Iowa 610. Furthermore the ratification or adoption of

a contract by a corporation through its board of directors may be implied. It must be borne in mind under the facts in this case that the services which had been performed by the plaintiff were fully known to the directors of the company when the question of the prior contract and the securing of a permit to sell stock was under consideration. The board at that time was proceeding to do business under the charter secured through the services of the plaintiff. Not only did its act constitute a recognition of past service, but in further consideration of the payment of money past due accepted an additional benefit for the corporation in enabling it to sell stock in Iowa. This as we understand it was the position taken by the trial court and that the acceptance of the charter and the doing of business thereunder with relation to the services of the plaintiff performed and to be performed raised an implied contract under which the defendant is bound to pay. This does not mean that the corporation in the mere acceptance of a charter is obligated by this fact alone to fulfill contracts made by its promoters in effecting its creation. There are cases that so hold and impose an obligation on a corporation on an implied contract to pay for any service rendered for the use of the corporation "as are necessary to its formation." See, *Farmers Bank v. Smith,* 105 Ky. 816 (49 S. W. 810); *Taussig v. St. Louis & K. R. Co.* 166 Mo. 28 (65 S. W. 969); *Bell's G. R. Co. v. Christy,* 79 Pa. St. 54.

In the instant case the trial court applied the rule of implied contract. We would go further and apply the rule of express ratification or adoption.

In *Morgan v. Bon Bon Co.* 222 N. Y. 22 (118 N. E. 205) it is shown that a part of the services was performed before the incorporation and a part afterwards with the knowledge of the promoters who were then the officers of the corporation. The opinion reads: "With the knowledge and approval of the men who organized the corporation, and then became its stockholders and officers, the appellant was permitted to perform the services which had been contracted for, and the corporation, chargeable through its officers with full knowledge of the contract under which these services were being rendered, received the benefit thereof. It is well established that a corporation which under

such circumstances takes the benefits of a contract may be held to have adopted and assumed also its obligations.''

Defendant in its motion at the close of all the testimony in this cause moved the court for a finding of fact in favor of the defendant, and in the fifth ground thereof stated: ''There is no competent evidence, as a matter of law, of any ratification of any contract, express or implied, as claimed by the plaintiff in this case.'' With this proposition the trial court did not agree, nor does this court. Wherefore the judgment entered is—*Affirmed.*

PRESTON, C. J., STEVENS and ARTHUR, JJ., concur.