WEATHERFORD, MINERAL WELLS & NORTHWESTERN RAILWAY
COMPANY v. FRANCIS GRANGER.

No. 78.

1. Promoter of Proposed Incorporation—Agency.

A promoter. though he purport to act in behalf of the projected corpo-
ration, and not for himself, can not be treated as agent, because the
nominal principal is not then in existence; and hence, where there is
nothing more than a contract by a promoter, in which he undertakes
to bind the future corporation, it is generally conceded that it can not
be enforced...................................................................... 353

2. Same—Acceptance of Contract.

It is also generally held, that contracts by promoters made in behalf of
the corporation, within the scope of its general authority, may be
adopted by the latter after its organization; and that if a contract be
made in behalf of a corporation by its promoters, and the corporation
after its organization, with a knowledge of the facts, accepts its ben-
efits, it must assume its burdens; and if the other party has performed
the stipulations binding upon him the contract may be enforced as
against the corporation........................................................... 354

3. Same.

Having exercised rights and enjoyed benefits secured to it by the terms
of a contract made by its promoters in its behalf, a corporation should
be held estopped to deny its validity............................... ................. 355

4. Corporation Adopting Acts, etc.

It is generally held, that in the absence of such provision (for payment
of expenses of organization) in the charter, no implied promise can
be imputed to a corporation to pay for the services of a corporator or
promoter before the corporation comes into existence. A contract
made by a promoter may be adopted by a corporation expressly, or
impliedly by exercising rights under it, but otherwise it is not binding
upon such corporation............................................................ 356

5. Contract in Behalf of Corporation.

The proposition out of which the matter in dispute arose was to con-
struct a railway between named points upon receiving a named bonus.
Acceptance of the bonus imposed the burden proposed. This is dif-
ferent from the contract by a promoter for services in getting up the
bonus, preparing the articles of incorporation, and the necessary ex-
penses of the organization .......................................... 356

6. Case in Judgment.

A promoter of the defendant company, prior to the incorporation, em-
ployed the plaintiff, who aided in getting up a bonus for the proposed
corporation, and by advice otherwise aided the enterprise before and
after the incorporation, on the employment of the promoter. *Held*,
that for the services before the incorporation he could not recover.
The judgment below including gross amount for services before and
after incorporation, a reversal is necessary ......................... 357

7. Case Overruled.

McDonough v. Bank, 34 Texas, 309, overruled, in holding that merely
by accepting the benefits of the plaintiff's labor the defendant relied
on and became bound under the promoter's contract................. 358

Error to Court of Civil Appeals for Second District, in an appeal from Parker County.

Justice Stephens, being disqualified, did not sit in this case in the Court of Civil Appeals.

A full statement is given in the opinion.

*G. A. McCall*, for plaintiff in error.—The citizens of Weatherford undertook to raise a bonus to assist in the construction of the road, and any assistance rendered by other persons in that respect, at the request of or for the company, was the extraordinary business of the company, and any authority in respect to the making of the contract of employment must be specially conferred. Adriance v. Roome, 52 Barb., 399; Ang. on Corp., sec. 298; Railway v. Boyne, 11 Hun, 171; Dabney v. Stevens, 40 How., 341.

A person holding the relation of agent or chief engineer could not bind the company by promises or engagements in respect to matters outside the scope of his authority. Bank v. Church, 39 Hun, 500; Woodruff v. Railway, 108 N. Y. App., 39; Thayer v. Railway, 24 Vt., 440; Vanderwerker v. Railway, 27 Vt., 125; Redf. on Rys., 5 ed., 431–433.

Plaintiff knew that Anderson, as agent of the company, had no authority to make any contract to employ counsel for the company; hence is chargeable with notice and knowledge of the scope of his authority. Burden to show authority is on plaintiff. Alexander v. Culdwell, 83 N. Y. App., 480; Adriance v. Roome, 52 Barb., 399.

Even if some benefit was voluntarily conferred on the corporation by the plaintiff, that fact could not create any liability as against the corporation. Woodruff v. Railway, 108 N. Y. App., 46.

Implied ratification can not be presumed in the absence of proof that the board of directors had notice and knew of the terms of the agreement with plaintiff, even when benefit is received. Smith v. Kidd, 68 N. Y. App., 130; Tayl. on Law of Corp., secs. 211–214; Railway v. Kelley, 77 Ill., 437; Story on Ag., 8 ed., secs. 239, 258, 902, and note; Leveland v. Green, 40 Wis., 431; Woodruff v. Railway, 108 N. Y. App., 39.

*I. W. Stephens*, for defendant in error.—Anderson, being the principal mover in the enterprise to raise the bonus and build the railroad, about the time the charter of appellant was signed and acknowledged, employed plaintiff, Granger, in behalf of the company, of which he was the representative at Weatherford, to assist in the enterprise; and after the defendant company was chartered and organized it accepted said bonus and availed itself of the benefit of plaintiff's service. It therefore took it cum onere, and must pay the reasonable value of plaintiff's service; the company, before and after filing of the charter, being composed of the

same persons, and the service being rendered after the charter was executed and partly after it was filed. Cattle Co. v. Bank, 21 Neb., 62; Mora. on Priv. Corp., sec. 549, and note 1; Railway v. Perry, 37 Ark., 164.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover upon open account for services rendered. The plaintiff in the trial court obtained a judgment, which was affirmed by the Court of Civil Appeals. This writ of error is sued out for the purpose of reversing that judgment.

The plaintiff in error, the defendant in the trial court, is a corporation, organized under the general law of the State for the purpose of constructing and operating a railroad. The defendant in error, the plaintiff in the trial court, is a practicing attorney at law. The services for which a recovery was sought were for aiding to raise a bonus and for legal advice and assistance, and were rendered both before and after the filing with the Secretary of State the company's articles of incorporation.

The testimony, as shown by the statement of facts, in so far as it bears upon the question before the court, is. in substance as follows:

The plaintiff testified, that in March, 1889, he was employed by one Anderson to assist in raising a bonus for the defendant company, and "agreed that the said company would pay him well for his services;" that Anderson was a promoter of the corporation, and represented himself as its general manager, and employed plaintiff not only to assist in procuring the bonus, but to attend to all the company's business as its attorney; that in September, 1889, Anderson allowed his account, and was at that time the owner of a majority of the stock, which he subsequently transferred to one Stone, the president of the company, and his associates.

Stone testified, on behalf of the company, that in the spring of 1889, in Kansas City, Missouri, he employed Anderson to go to Weatherford, and to procure a bonus of $40,000 and survey the right of way for a railroad from that city to Mineral Wells, and to pay him $1000 for his services; that he had paid Anderson according to his agreement; that he did not know that Anderson had ever employed plaintiff for any purpose; that Anderson was never general manager for the company, and held no office in it except that of director; that he knew that the plaintiff was interesting himself in procuring the bonus, but supposed he was working for one Johnson, who was one of the charter members, and who owned certain coal lands which he wished to sell to the projectors of the railroad; that plaintiff never said anything to him about the company owing him anything, and that the first he knew of plaintiff's claim was when this suit was brought.

There was further testimony tending to show, that Anderson was the chief active promoter of the enterprise, and that he had the principal

management of the business from its inception in March until he retired in September, 1889; and that during this time the plaintiff was frequently in attendance upon him, aiding and assisting him in procuring the bonus, and otherwise promoting the objects of the company.

No controversy is raised in this court as to the fact of plaintiff's services, or as to their value.

The trial judge, as conclusions of fact, found, in substance, that some kind of a company was formed to build the railway from Weatherford to Mineral Wells; that Anderson was "the principal mover in said scheme, and was so recognized by all parties;" that he employed plaintiff to assist him in procuring a bonus and in otherwise advancing the enterprise, and that the plaintiff rendered service under said employment, both before and after the articles of the company were filed; that the bonus was raised, and was, after its incorporation, accepted by said company.

The Court of Civil Appeals adopt the findings of the trial judge, and add additional findings as follows: "The charter of the defendant company was signed and acknowledged about June 1, 1889, and was filed in the office of the Secretary of State at Austin, July 2, 1889. The bonus or subsidy was not secured until after the filing of the charter. The record would have justified the trial court, and so justifies us, in finding, as we do, the fact to be, that in availing itself of the subsidy secured, the company knew of the services of the plaintiff in raising the bonus."

Under the statute, the corporation came into existence when its articles of incorporation were filed in the office of Secretary of State. Rev. Stats., arts. 4104, 4105. Although the trial court found that the services for which plaintiff sued were rendered in part before and in part after the filing of the articles, their value was assessed as an entirety at $500, and judgment was rendered for the whole amount. In this there was error. We are of opinion, that under the circumstances of this case, as shown by the evidence, the defendant corporation can not be held liable to the plaintiff for any services rendered by him before it was brought into legal existence.

Upon the question as to the liability of a corporation growing out of contracts made on its behalf by its promoters, there is considerable diversity and some conflict of opinion. But there are some propositions affecting this question upon which the authorities seem to be in substantial accord. A promoter, though he purport to act on behalf of the projected corporation, and not for himself, can not be treated as agent, because the nominal principal is not then in existence; and hence when there is nothing more than a contract by a promoter, in which he undertakes to bind the future corporation, it is generally conceded that it can not be enforced. Kelner v. Baxter, L. R., 2 Com. Pl., 174; Melhado v. Railway, L. R., 9 Com. Pl., 503.

The promoters themselves are liable upon the contract, unless the person with whom they engage agrees to look to some other fund for payment. Kerridge v. Hesse, 9 Carr. & P., 200.

The statute, however, which authorizes the incorporation may provide that the corporation, when formed, shall pay the necessary expenses of promoting the scheme; in such a case, though the right of action is dependent upon the contract, the liability is created by the statute. Re Rotherham, etc., Co., L. T. Rep., N. S., 217.

It is now held in England, that although the articles of association bind the company to pay the expenses of its promotion, a third party can not avail himself of such a provision so as to maintain an action against the company. Re Rotherham, etc., Co., supra; Eley v. Assurance Co., 34 L. T. Rep., N. S., 190.

It is also generally held, that contracts by promoters made on behalf of the corporation, within the scope of its general authority, may be adopted by the latter after its organization. Some of the courts say they may be ratified; but ratification presupposes a principal existing at the time of the agent's action, and it seems to us, therefore, that the term is not applicable in its technical sense. McArthur v. Printing Co., 51 N. W. Rep., 215; Spiller v. Paris Skating Rink Co., 7 Ch. Div., 368.

With the exception of the law courts of England, the rule is also very generally recognized, that if a contract be made on behalf of a corporation by its promoters, and the corporation, after its organization, with a knowledge of the facts, accept its benefits, it must take it with its burdens; and if the other party has performed the stipulation binding upon him, it may be enforced as against the corporation. Spiller v. Rink Co., supra; Loucke v. Warehousing Co., 6 Ch., 67.

But as to the application of the rule last announced, the courts differ in opinion. A leading case upon this subject is Edwards v. Grand Junction Railway Company, 1 Milne & Cr., 650. There the promoters of the railway company had entered into a contract with the trustees of a turnpike company, in which the latter agreed to withdraw their opposition to an act of Parliament for the incorporation of the railway company, in consideration of an agreement by the promoters to insert certain clauses in the act as to the nature of the necessary constructions at the crossing of the railway and the turnpike road, and the opposition was withdrawn, but the clauses were not inserted; and it was held, that the railway company should be enjoined from constructing the crossing in a manner different from that specified in the clauses which had been agreed upon and had been omitted. The correctness of the ruling in this case was seriously questioned in the House of Lords in Preston v. Railway, 5 House of Lords, 605, and in Caledonian Railway Company v. Helensburgh, 2 McQuean, 391. Same case, 2 Jur., N. S., 695. We presume the doubt as to this case arises from the fact that the only benefit accepted

by the defendant company was the exercise of the powers conferred upon it by the act of Parliament.

When the promoters of a railway company have agreed with a landed proprietor through whose estates the road is projected to run, to take the requisite quantity of his land at a stipulated price, and after the corporation is formed it takes the land, it is certainly equitable that the company should be made to pay the agreed compensation; and the doctrine is recognized in many English equity cases. Stanley v. Railway, 3 Milne & Cr., 773; Gooday v. Colchester Railway Co., L. R., 15 Eq., 596; Preston v. Liverpool Railway Co., L. R., 7 Eq., 124; Edwards v. Grand Junction Railway Co., 1 Milne & Cr., 650.

The same *rule* has been announced also in many American cases. Little Rock Railway Co. v. Perry, 37 Ark., 164; Paxton Cattle Co. v. Bank, 21 Neb., 621; Grape Sugar Co. v. Small, 40 Md., 395; Bommer v. Manufacturing Co., 81 N. Y., 468; Battelle v. Pavement Co., 37 Minn., 89; McArthur v. Printing Co., supra.

Having exercised rights and enjoyed benefits secured to it by the terms of a contract made by its promoters in its behalf, a corporation should be held estopped to deny its validity.

Again, when the promoters of a corporation have made a contract in its behalf, to be performed after it is organized, it may be deemed a continuing offer on part of the other party to the agreement, unless withdrawn by him, and may be accepted and adopted by the corporation after such organization; and the exercise of any right inconsistent with the nonexistence of such contract might be deemed conclusive evidence of such adoption.

But there are some cases which go a step further. Low v. Railway, 45 New Hampshire, 370, was a case of a Vermont corporation sued in New Hampshire upon a contract made in the former State. After a charter had been granted, but before an organization had been effected, a public meeting was held to promote the enterprise, at which, it is to be presumed from the opinion, the corporators were present or were represented. A proposition was made that the plaintiff should be employed and paid to visit various towns and cities to interest capital in the projected scheme, and to solicit and procure subscriptions. The plaintiff accepted the offer and performed the services, and it was held that the corporation was liable. The court determined that the question of liability depended upon the law of Vermont, as announced in the case of Hall v. Railway, 28 Vermont, 401. But they were also inclined strongly to think, that upon general principles the company, by accepting subscriptions which were procured by the plaintiff, bound itself to pay for his services. They also seem to recognize the doctrine, that after a charter has been granted a majority of the corporators have the power to make contracts necessary to perfect the organization, which may be bind-

ing upon the company when formed. But they.also lay stress upon the fact that the charter of the defendant corporation provided, that "the expenses of all surveys and examinations, as also of the preliminary surveys already made and making, and all manner of incidental expenses relating thereto, shall be paid by said corporation."

In Hall v. Railway, supra, a corporator was held entitled to recover for necessary services in organizing the company, although there was no express promise by any one that he should be paid. Unless the charter of the company provided for the payment of such expenses, this decision we think is unsupported by authority.

It is generally held, that in the absence of such provision in the act of incorporation in case of a special charter, or in the general law or in the articles of incorporation under a general law, no implied promise can be imputed to a corporation to pay for the services of a corporator or promoter before the corporation comes into existence. A contract made by promoters may be adopted by a corporation, expressly or impliedly, by exercising rights under it; but otherwise it is not binding upon such corporation. Kelner v. Baxter, supra; Melhado v. Railway, supra; Railway v. Ketchum, 27 Conn., 170; Kerridge v. Hesse, 9 Carr. & P., 200; Munson v. Railway, 103 N. Y., 58; Morrison v. Mining Co., 52 Cal., 306; Gent v. Ins. Co., 107 Ill., 652; Railway v. Sage, 65 Ill., 328; Western, etc., Co. v. Cousley, 72 Ill., 531; Buffington v. Borden, 80 Wis., 635; see also, Railway v. Helensburg, 2 McQuean (H. of L.); same case, 2 Jur., N. S., 695; Teft v. Bank, 141 Pa., 550.

Now, when it is said that when a corporation accepts the benefit of a contract made by its promoters, it takes it *cum onere*, it is important to understand distinctly what is meant. There is, so far as this matter is concerned, a radical difference between a promise made on behalf of the future corporation in the contract itself, the benefits of which the corporation has accepted, and the promise in a previous contract to pay for services in procuring the latter to be made. This is well illustrated by the facts of the present case. Here a proposition was made on behalf of the company, by its promoters, that if a bonus should be subscribed and paid to it, it would build its road between certain points, and would carry coal at a certain stipulated rate. By accepting the bonus, the company became bound to fulfill the stipulations of that contract. That was the burden which it took with the benefit of the agreement. But it also appears that one of the promoters promised the plaintiff, that if he would assist in procuring subscribers to the bonus, the company would pay him for his services. This was no part of the contract the benefits of which were taken by the defendant.

The benefits of a contract are the advantages which result to either party from a performance by the other; and in like manner its burdens are such as its terms impose. A more accurate manner of stating the

nature of the plaintiff's demand is to say, that the defendant has accepted the benefit of the plaintiff's services and should pay for them. It is true, in one sense, that the company has had the benefit of plaintiff's services, and it is equally true that it would have had that benefit if the services had been rendered under an employment by the subscribers to the bonus; and yet in the latter case it could not be claimed that the company would be liable for such services, unless payment for them by the company were made one of the terms of the contract between the company and the subscribers.

In Re Rotherham, etc., Company, 50 Law Times Reports, New Series, 219, in the opinion of one of the justices, this language is used: "It is said that Mr. Peace has an equity against the company, because the company had the benefit of his labor. What does that mean? If I order a coat and receive it, I get the benefit of the labor of the cloth manufacturer; but does any one dream that I am under any liability to him? It is a mere fallacy to say, that because a person gets the benefit of work done by somebody else, he is liable to pay the person who did the work."

There is more doubt as to the plaintiff's right to recover for his legal services in advising as to the articles of incorporation and in correcting and preparing this paper. Such services are usually necessary, and it would seem that the corporation should pay for them. Such payment is frequently provided for in the act of incorporation, or in the articles when the incorporation is effected under a general law. When such is the case, persons who take stock in the company are chargeable with notice that a liability for this purpose has already been created, and it is proper for the corporation to discharge it. But in the absence of such provision in the statute or in the articles, it may be unjust to shareholders to charge the corporation with liabilities of which they had no actual knowledge at the time they accepted the shares. We therefore hold, with some hesitation, that claims for the necessary expenses of the organization, under our statute, should not be excepted from the general rule applicable to contracts made before the corporation has come into legal existence.

Applying the rules we have announced to the case before us, it is apparent that the plaintiff has recovered, in part at least, for services for which the defendant was not bound to pay. He made his contract before the company had a legal existence as a corporation, with a single promoter; and it is a matter of no moment that the promoter was the general manager of the project and became the owner of the majority of the stock upon its organization. There were other stockholders. The law requires that there should be ten at least. Rev. Stats., art. 4099.

The evidence does not disclose that his contract with Anderson was actually known to any other person; nor do we see any other circumstance from which knowledge should necessarily be inferred. Since An-

derson had no power to bind the future corporation, but could bind himself, the inference from his assisting Anderson would be that he was acting gratuitously, or that Anderson had agreed to pay him.

Anderson was interested in shifting his contract upon the company; and it may be doubted whether, although he became a director, notice to him could be deemed notice to the company. The Court of Civil Appeals find, however, that the company had notice.

Waiving the question of the right of the court to supplement the finding of the trial judge under such evidence, and the further question whether there be any evidence to support this conclusion, it follows from what we have already said, that the question of the company's knowledge does not affect the case. The plaintiff's contract with Anderson, though made by the latter on behalf of the company, was not a lien, encumbrance, or burden upon the contract between the subscribers to the bonus and the defendant, and it incurred no liability on the former contract by accepting the benefit of the latter.

The evidence was sufficient to sustain a recovery by the plaintiff for the value of his services rendered after the corporation was created; but the court below failed to find separately the reasonable worth of such services. Therefore the entire judgment must be reversed.

We deem it proper to say, in conclusion, that if the opinion in the case of McDonough v. Bank, 34 Texas, 309, is to be construed as holding that merely by accepting the benefit of the plaintiff's labor, the defendant ratified and became bound under the promoter's contract, it does not meet our approval. Whether the contract in that case was one which the bank had the power to ratify, is to say the least a doubtful question; but it is one that does not concern us here, and upon which we express no opinion.

The judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*