### SCHWEDTMAN et al. v. BURNS.
### (No. 2199.)

Court of Civil Appeals of Texas. El Paso. Nov. 22, 1928.

John W. Pope and Cedric G. Hamlin, both of Dallas, for appellants.

Burns & Greathouse, of Ft. Worth, for appellee.

PELPHREY, C. J. J. J. Burns instituted this suit in the county court at law, No. 2, of Tarrant county, against I. L. Schwedtman, Frank C. Suttle, and the Sands Water Heater Company, a corporation, alleging that he entered into a written contract with appellants Schwedtman and Suttle, whereby they employed him to act as manager and secretary of the Sands Water Heater Company, and to represent said company as salesman and in other business of the company; that the contract provided that he should receive $150 per month as compensation, and that the contract might be canceled by the giving of 60 days' notice; that the contract was signed by Schwedtman and Suttle as parties of the first part and by appellee as party of the second part; that appellee, pursuant to the contract, entered upon his duties under it, but that appellants, without the 60 days' notice in the contract, notified appellee that the contract was terminated; that, at the time of said notice, appellants were indebted to appellee in the sum of $150 for one month's salary, which they failed and refused to pay; that on or about the 1st day of February, 1924, appellants discharged appellee without giving him the notice provided for in the contract, and that they thereby became indebted to him in the further sum of $300, which sum they have also failed and refused to pay; that Schwedtman and Suttle, as directors of the corporation, employed appellee, and that the corporation thereby became bound to pay appellee according to the terms of the contract; that the contract was the joint undertaking of all the appellants.

Appellants Schwedtman and Suttle answered by general demurrer, general denial, and specially pleaded that the written contract alleged by appellee was dissolved and held for naught by an oral agreement made between the parties on November 30, 1923, and that no moneys were due appellee on February 1, 1924.

The case was tried before a jury and submitted on the following special issues:

"1. Did the plaintiff and defendant herein agree to change the contract in question to a commission basis, on or about November 30th, 1923?

"2. If you have answered the above question in the affirmative, then you need not answer further; but if you have answered same in the negative, then you will answer this question: What amount, if any, are the defendants Schwedtman and Suttle due the plaintiff Burns?"

The jury answered the first issue in the negative, and the second, $300.

The Sands Water Heating Company was dismissed from the suit, and a judgment was rendered that appellee recover from appellants Schwedtman and Suttle, jointly and severally, the sum of $300.

From that judgment this appeal is taken.

## Opinion.

Appellants present three assignments of error with six propositions thereunder.

In their first proposition, appellants contend that they were entitled to an instructed verdict because the proof showed that the corporation was organized by appellee and appellants; that the contract sued upon was a pre-organization contract of the corporation, accepted and adopted by the corporation after its organization; that the services were rendered by appellee to the corporation by virtue of said contract, and he received payment therefor from the corporation; that the contract, at the time of its alleged breach, was one with the corporation, and there could therefore be no liability on the individual defendants.

The contract, upon which appellee sued, reads as follows:

"State of Texas, County of Tarrant.

"This contract executed by and between the Sands Water Heater Company of Fort Worth, a corporation, to be incorporated, the directors of which are agreed to be J. J. Burns and I. L. Schwedtman, and Frank C. Suttle, parties of the first part, and J. J. Burns, party of the second part, Witnesseth:

"Officers elected, I. L. Schwedtman, President; Frank C. Suttle, Vice-President; J. J. Burns, Secretary-Treasurer and manager.

"In consideration of the services of J. J. Burns as manager and secretary of this Company, and in consideration of his giving to the sale of the Sands Water Heater and the other business of this company for this company, the Sands Water Heater Company of Fort Worth agrees and binds itself to pay to said J. J. Burns monthly as services are rendered the sum of $150.00 per month and one-third of the net profits of the Sands Water Heater Company of Fort Worth, and in consideration of the payments and the agreement to pay above set out the said J. J. Burns agrees and binds himself that he will faithfully and diligently devote his entire time to the business of the Sands Water Heater Company of Fort Worth.

"The By-Laws of said Company and duties of officers and directors, are:

"Disbursements by check only and signed by J. J. Burns and the President or Vice-President in absence of President.

"Secretary to be in charge of seal and responsible for all papers and transactions of said company.

"This contract is subject to cancellation upon sixty days notice by either party.

"Witness Our Hands at Fort Worth this 1 day of May, 1923.

"[Signed] I. L. Schwedtman,
　　　　　"Frank C. Suttle,
　　　　"Parties of the First Part.
　　　　　　"J. J. Burns,
　　　"Party of the Second Part."

■ While it is true that promoters are personally liable on contracts which they have entered into personally, even though they have contracted for the benefit of a proposed corporation, unless there is a novation or other agreement whereby the party con-

tracted with accepts the liability of the corporation; yet they are not personally liable on contracts made in the name and solely on the credit of the future corporation, and not on an express or implied representation that there is an existing corporation, where such intention is known to the other contracting party, unless they are contracts which, the corporation when formed has no power to adopt. 14 Corpus Juris, p. 270; Bradshaw v. Jones (Tex. Civ. App.) 152 S. W. 695.

The question whether a contract was made by the promoters personally, or on the credit of the corporation only, may be a question of either law or fact, according to the circumstances.

In the present case, the contract itself, as well as the evidence, shows that appellee knew the corporation was to be formed later and that his services were to be rendered in managing it after its incorporation. In fact, the contract together with the evidence shows him to be one of the promoters of the corporation.

The contract being made in the name of the corporation and the above facts taken in connection therewith, in our opinion, show the contract to have been made solely on the credit of the corporation, therefore no personal liability would attach to the other directors.

The question under the facts before us seems to be one of law, and we are of the opinion that the trial court should have instructed a verdict for appellants as by them requested.

The judgment of the trial court is reversed, and judgment here rendered that appellee take nothing as to appellants.

Reversed and rendered.