**BIBBEE et al. v. ROOT GLASS CO.**

No. 2939.

Court of Civil Appeals of Texas. El Paso.
Jan. 4, 1934.

Rehearing Denied Jan. 18, 1934.

Esir Tobolowsky, of Dallas, for appellants.

Sullivan & Wilson, of Dallas, for appellee.

PELPHREY, Chief Justice.

This suit was brought in the Sixty-Eighth judicial district court of Dallas county, Tex., with the Root Glass Company as plaintiff and D. E. Bibbee, C. E. Gough, and the Brandimist Bottling Company, a corporation, as defendants.

Appellee alleged that on or about February 29, 1932, at the special instance and request of the defendants D. E. Bibbee and C. E. Gough, it sold and delivered to these defendants certain goods, wares, and merchandise set forth in an itemized account, in consideration whereof said defendants promised to pay appellee the sum of $1,644.02, upon which account there was a credit of $300, leaving a balance due of $1,344.02.

Appellee further alleged that said defendants were doing business under the partnership name of Brandimist Bottling Company, and that thereafterwards they incorporated the said business, and transferred all the partnership assets, or part of said assets, to the defendant corporation, Brandimist Bottling Company, and that the said corporation assumed and agreed to pay said debt.

Appellants, Bibbee and Gough, answered by a general demurrer and a general denial and specially denied the existence of a partnership between them. They further pleaded that appellee dealt with Brandimist Bottling Company as a corporation and did not in any way contract with appellants in their individual capacities, and that by its course of dealing it was estopped to assert that it dealt with them other than as officers and agents of the corporation or as trustees of the proposed corporation. Appellee filed a supplemental petition in which it demurred generally to appellants' answer, generally denied the allegations thereof, and specially denied that it at any time agreed to look to the proposed corporation for its debt.

The Brandimist Bottling Company, being insolvent, was by agreement dismissed from the suit.

In a trial before the court, judgment against Bibbee and Gough, jointly and severally, for $1,344.02, was rendered, and they have appealed.

At the request of appellants the court filed the following conclusions of law:

"1: The defendants were not relieved of liability even though the plaintiff was put on notice that their business was being incorporated and a financial statement of the proposed corporation furnished to plaintiff prior to the time that the merchandise was shipped to the Brandimist Bottling Company. Promoters are personally liable on contracts made in behalf of the intended corporation, or in its name, unless such individual responsibility is expressly negatived by the terms of the contract."

"2: No estoppel arose in favor of the defendants D. E. Bibbee and C. E. Gough from their dealings with the plaintiff, and plaintiff is not estopped to assert the individual responsibility of these defendants."

One of appellants' propositions complains of the court's conclusion that they were not relieved of liability even though appellee was put on notice that the business was being incorporated and a financial statement of the proposed corporation was furnished them before the merchandise was shipped. Their contention being that the liability of appellants was expressly negatived by the fact that no financial statement was requested from either of them; that the merchandise was billed to the proposed corporation and no mention ever made of the names of appellants in the transaction. As a general rule, the promoters themselves are liable upon their contracts unless the person with whom they engage agrees to look to some other fund for payment. This necessarily follows because the promoter has no principal, and the subsequent adoption, of the contract by the corporation, when organized, will not free the promoter from his liability to the other contracting party without the consent of the latter, because it cannot be presumed that a party contracting gives credit to a corporation not yet organized, and, therefore, not yet capable of being bound. 7 R. C. L. § 64, p. 85; Weatherford, etc., R. Co. v. Granger, 86 Tex. 350, 24 S. W. 795, 40 Am. St. Rep. 837. The following authorities hold that the promoters are personally liable in the absence of an agreement that they shall not be: 14 C. J. § 312, pp. 269, 270; Thomp. Corp. § 416; Ennis Cotton-Oil Co. v. Burks (Tex. Civ. App.) 39 S. W. 966; Bradshaw v. Jones (Tex. Civ. App.) 152 S. W. 695 (writ refused).

The case of Schwedtman v. Burns, 11 S.W. (2d) 348, by this court, was between promoters, and the facts there showed conclusively that the appellee knew the corporation was to be formed and that his services were to be performed for it after its incorporation. The holding there could, under no condition, control here.

There was a letter written on July 5, 1932, to Mr. Hurt, secretary of appellee, containing

a recital that appellants were the owners of the Brandimist Bottling Company; that the firm was never incorporated; and that they (appellants) were personally liable.

This was objected to as hearsay, and its introduction is made the basis of appellants' first assignment of error.

There is no dispute here that appellants were the promoters of the proposed corporation and that they ordered the merchandise in question; therefore, under the doctrine above announced, the only way they could escape liability would be to show that appellee had agreed to look to the corporation, after its incorporation, for its pay, or had agreed, after the incorporation was completed, to look to the corporation alone. This they failed to do and, under the evidence here, the only judgment the court was authorized to render was the one it did and this regardless of the contents of the letter in question. Consequently its introduction does not present reversible error.

Appellants pleaded estoppel as follows in their answer: "And for further answer herein, if such answer be necessary, these defendants say that all the orders for goods, wares, and merchandise, which are being sued for, were placed in the name of the Brandimist Bottling Company by C. E. Gough as President, and that plaintiff in dealing with these defendants, and each of them, is estopped to assert that it dealt with these defendants other than as officers and agents of a corporation, or as Trustees for a proposed corporation, and is estopped to assert that these defendants were partners."

Appellants, in their fourth proposition, assert that the court erred in sustaining a general demurrer to their plea of estoppel. We find nothing in the record to sustain such contention. Furthermore, appellants present no assignments complaining of any such action on the part of the trial court.

The judgment is affirmed.