# NOVEMBER, 1936

### D. E. BIBBEE ET AL. V. ROOT GLASS COMPANY.

No. 6719. Decided October 7, 1936.
Rehearing overruled November 4, 1936.
(96 S. W., 2d Series, 975.)

*Esir Tobolowsky,* of Dallas, for plaintiff in error.

Plaintiffs in error are not personally liable on contracts made in the name and solely on the credit of the future corporation, and not on express or implied representation that there is an existing corporation, when such intention is known to the other contracting party, unless they are contracts which the corporation when formed has no power to adopt. Harrill v. Davis, 168 Fed., 187; Esper v. Miller, 131 Mich., 334, 91 N. W., 613; Belding v. Vaughn, 108 Ark., 69, 157 S. W., 400.

*Sullivan & Wilson,* of Dallas, for defendants in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

In February, 1932, plaintiffs in error, D. E. Bibbee and C. E. Gough, were doing business in Dallas as a partnership under the name of Brandimist Bottling Company. About February 10, 1932, they placed an order for certain supplies with defendant in error, Root Glass Company. This order is not shown in the record, but was evidently made under the name of Brandimist Bottling Company. Defendant in error requested a financial statement, and on February 23, 1932, statement was furnished showing the financial condition of Brandimist Bottling Company. Shipment appears to have been made February 29, 1932. Afterwards, a charter was obtained for Brandimist Bottling Company as a corporation. The date of the charter is not shown, but there is an intimation that it was filed June 13, 1932. The corporation soon became insolvent. Default was made in payment of the purchase price of the goods purchased from defendant in error and suit for $1344.02 was filed against B. E. Bibbee and C. E. Gough individually, and against Brandimist Bottling Company as a corporation. The suit resulted in a judgment against Bibbee and Gough. The corporation having gone into bankruptcy was dismissed from the suit. This judgment was affirmed by the Court of Civil Appeals. 67 S. W. (2d) 407.

It is undisputed that plaintiffs in error were the principal promoters of the corporation known as the Brandimist Bottling Company. The contract sued upon was made long before the corporation came into existence. Plaintiffs in error do not contest the proposition that ordinarily promoters of a corporation are personally liable on contracts made in the name of and for the proposed corporation; but they contend that they are not personally liable in this instance, because, as they say, the contract was made in the name of and solely on the credit of the future corporation, and this exempts them from liability. This appears to have been the holding in the case of Schwedtman v. Burns, 11 S. W. (2d) 348, upon which they rely.

. This case was tried before the court without a jury, and the trial court made the following finding in the judgment: "The court further finds that the defendants David E. Bibbee and C. E. Gough were doing business under the partnership name of Brandimist Bottling Company at the time the goods were sold to the said defendants." This finding has not been brought into question and must be taken as true. The judgment was rendered against "David E. Bibbee and C. E. Gough doing business under the name of Brandimist Bottling Company." It thus appears that the credit in this instance was extended to the partnership rather than to the proposed corporation. The shipment was made some months prior to the filing of the charter. Three small payments were made prior to the creation of the corporation and must have been made by the partnership or by the plaintiffs in error individually. We think the evidence clearly supports the finding of the trial court that the credit was extended to plaintiffs in error doing business under the partnership name of Brandimist Bottling Company, and the rule contended for by plaintiffs in error has no application. The trial court was justified in concluding that the financial statement furnished showed the assets and financial condition of the partnership Brandimist Bottling Company, and the fact that it showed an intention to later incorporate, does not show, as a matter of law, that defendant in error intended to look solely to the future corporation.

The finding of the court referred to settles the case adversely to plaintiffs in error, and the judgment of the Court of Civil Appeals is accordingly affirmed.

Opinion adopted by the Supreme Court October 7, 1936.

Rehearing overruled November 4, 1936.