**W.O.S. CONSTRUCTION COMPANY, INC., Petitioner,**

v.

**Bernard HANYARD, Respondent.**

No. C–3346.

Supreme Court of Texas.

Jan. 30, 1985

Elliott, Churchill, Hansen, Maxfield & Gibbs, Roger A. Hansen, Dallas, for petitioner.

Law Offices of Mike Aranson, Edward B. Klein, Dallas, for respondent.

PER CURIAM.

This is a breach of contract action arising out of a cost-plus construction contract. The action was initiated by a painting subcontractor against W.O.S. Construction Company, the general contractor, and Bernard Hanyard, the building owner. W.O.S. filed a cross action against Hanyard and Bernard Hanyard Enterprises, Inc. for labor and materials furnished pursuant to the contract. The trial court rendered judgment in favor of W.O.S. against Bernard Hanyard, individually. The court of appeals, in an unpublished opinion, held that Bernard Hanyard was not individually liable.

Rule 93 requires a party to file a verified pleading in order to assert "that the plaintiff is not entitled to recover in the capacity in which he sues, or that the defendant is not liable in the capacity in which he is sued." Tex.R.Civ.P. 93(2) (Vernon 1984). Hanyard did not file a verified denial, contending that he was not liable in the capacity in which he was sued. Therefore, Hanyard could properly be held liable in either his individual or corporate capacity. There is evidence to support a judgment against Hanyard individually because he executed the contract in question before Bernard Hanyard Enterprises, Inc. was formed. *Bibbee v. Root Glass Co.*, 128 Tex. 220, 96 S.W.2d 975 (1936); *Weatherford, M.W. & N.W. Ry. Co. v. Granger*, 86 Tex. 350, 24 S.W. 795 (1894). We hold that the court of appeals erred in holding that Hanyard was not individually liable.

Pursuant to Tex.R.Civ.P. 483, we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court.