Bob WEATHERLY and R.L.
Templeton, Appellants,

v.

Grace Devenport MARTIN and R.A.
Devenport, Appellees.

No. 07–88–0049–CV.

Court of Appeals of Texas,
Amarillo.

July 5, 1988.

Rehearing Denied Aug. 23, 1988.

David M. McCoy, Williams McCoy & Goodall, Childress, R.L. Templeton, Wellington, for appellants.

Richard D. Bird, Bird & Bird, Childress, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Bob Weatherly and R.L. Templeton, who served as temporary administrators and are independent co-executors of the estate of T.W. Devenport, deceased, challenge their adjudged individual liability to Grace Devenport Martin and R.A. Devenport, two of the beneficiaries of the estate, for a pro-rata share of excessive fees paid to themselves as executors and to attorneys. The challenge is composed of appellant's five-point attack on the capacity in which they were sued, the jurisdiction of the district court, the court's determination of fees for the executors and attorneys, and the court's refusal to allow appellant Templeton compensation as both an attorney of record and an independent executor.[1]  On

---

1. In addition to the five points of error presented by appellants' counsel of record, one of the appellants, attorney R.L. Templeton, has filed a brief in which, with one point of error, he proposes that all twenty-three points in the first and second motions for new trial should be considered. However, since only the matters designated for consideration in the statement

the rationale expressed, the points will be overruled and the judgment will be affirmed.

Martin and Devenport filed the underlying action in the district court of Collingsworth County to, among other things, recover from Weatherly and Templeton individually the executors' commissions paid from the estate in excess of the amount lawfully allowed, together with reasonable attorney's fees. Weatherly answered with a general denial; Templeton answered with a pleading of justification for earning the commissions paid attorneys and the executors.[2] In so pleading, Templeton stated, "The attorney's fees and executor's fees were set at the 5% fee agreed to by the testator, T.W. Devenport, at the time he executed the Will." However, the will admitted to probate does not mention fees for the executors or for an attorney.

Following a bench trial, the court, at the request of Weatherly and Templeton, made and filed findings of fact and conclusions of law. With respect to the executors' fees, the court found that (7) the two executors, Weatherly and Templeton, paid themselves individually a total of $113,123, whereas (9) they are jointly entitled to no more than five percent of the gross market value of the estate subject to administration, which (10) would be a maximum of $68,635.15, and resulted in an overcharge of executors' fees in the amount of $44,335.

With respect to attorneys' fees, the court found that (3) the total amount of $71,442.43 was paid to two attorneys, Bill Spillman and Jim Moore, for representing the estate, which was excessive in the amount of $15,139.19, the sum paid to Moore, in that the sum should have been paid from the $56,303.26 paid to Spillman. Further, the court found that (10) Martin was entitled to recover ⅔ths of the overcharges for executors' fees and attorneys' fees, and Devenport was entitled to recover ⅓th of such overcharges.

No objections were made to the findings. No request was made for further findings.

Compatible with its findings, the court rendered judgment decreeing that Martin and Devenport recover from Weatherly and Templeton, jointly and severally, the sum of $24,209, which included the Martin–Devenport pro-rata share of the overcharges and an award of $4,333.35 as their reasonable attorney's fees, with postjudgment interest on the amount of judgment at the rate of 10% per annum. The court further decreed that two-thirds of the judgment, or $16,139.33, shall be owned by Martin, and one-third, or $8,069.67, shall be owned by Devenport.

Initially, Weatherly and Templeton contend that the court erred in rendering judgment against them individually because they, acting as personal representatives of the estate, were not sued in the capacity in which they acted. Secondly, they contend that the district court did not have jurisdiction to consider the Martin–Devenport lawsuit because it relates to probate matters within the jurisdiction of the probate court. The two contentions are grouped for presentation, and they will be resolved in inverse order.

■ Weatherly and Templeton entered into a pretrial stipulation that the district court had proper jurisdiction over the questions presented to the court; however, on appeal they contend that since the subject of the lawsuit are provisions of the Probate Code, the lawsuit relates to probate matters, the original jurisdiction over which is

under the point need be passed upon, *Saldana v. Garcia*, 155 Tex. 242, 285 S.W.2d 197, 200 (1955), and those matters are subsumed within the points of error presented by appellants' counsel, the merits of the point are embraced in the address to counsel's points.

2. Templeton also filed a plea in abatement, pointing out that only two of the beneficiaries named in the decedent's will are parties to the suit and asking that all beneficiaries be made parties. Yet, since the appellate record fails to show that the plea was called to the attention of or acted upon by the court, it is waived. *Long v. Tascosa Nat. Bank of Amarillo*, 678 S.W.2d 699, 702 (Tex.App.—Amarillo 1984, no writ); *Garcia v. Texas Emp. Ins. Ass'n*, 622 S.W.2d 626, 630 n. 3 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). Nevertheless, the absence of the joint owners of the cause of action was rectified by the court's apportionment of the damages adjudicated at trial. *Taylor v. Catalon*, 140 Tex. 38, 166 S.W.2d 102, 105 (1942).

in the county court, there being no statutory probate court in Collingsworth County. The contention is not well-founded.

It has been long established, at least since 1884, that by virtue of its general powers, the district court can, in a proper case, call the independent executor to account. *Laurie v. Stabel,* 482 S.W.2d 652, 655 (Tex.Civ.App.—Amarillo 1972, no writ). Although the Martin–Devenport petition contains some allegations of matters probate, the questions actually presented to the district court that were raised by the allegations concerned the amount of commissions lawfully allowable and paid to attorneys and the executors. If, indeed, the executors made and received overpayments without just cause, their action constituted an actionable tort, *King v. Acker,* 725 S.W.2d 750, 754 (Tex.App.—Houston [1st Dist.] 1987, no writ), which could be redressed by an action against the executors *individually* in the district court. *Wielgosz v. Millard,* 679 S.W.2d 163, 166 (Tex.App.—Houston [14th Dist.] 1984, orig. proceeding). This particularly obtains because the Martin–Devenport action is one to recover from the executors individually on an unliquidated claim; it is not an action in which the controlling issue is the settlement, partition, or distribution of an estate so as to come within the dominant jurisdiction of the probate court. *Seay v. Hall,* 677 S.W.2d 19, 22–24 (Tex.1984). The second point of error is overruled.

The initial Weatherly–Templeton contention that they are not liable in the capacity in which they were sued is one that was required to have been raised by a verified plea filed in the trial court. Tex.R.Civ.P. 93(2). They did not question the capacity in which they were sued in the trial court; therefore, they waived their first-point contention, *Sunbelt Const. Corp. v. S & D Mechanical,* 668 S.W.2d 415, 418 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.), and are precluded from raising it for the first time on appeal. *Nelson v. Detroit & Security Trust Co.,* 56 S.W.2d 860, 861 (Tex.Comm'n App.1933). Consequently, Weatherly and Templeton are properly held liable, if they are liable at all, in their individual capacities. *W.O.S. Const. Co.,*

*Inc. v. Hanyard,* 684 S.W.2d 675, 676 (Tex. 1985).

Still, Weatherly and Templeton argue that they were necessary parties to the suit in their representative capacities, and this defect of parties is fundamental error which cannot be waived and can be raised for the first time on appeal, even without an assignment of error. The argument is not tenable.

The district court had jurisdiction of the subject matter and of the parties. The parties joined issue on the questions presented to the court without, as previously noted, Weatherly and Templeton filing a sworn pleading complaining of a defect of parties. As a result, and contrary to the argument, any defect of parties was not fundamental error, and the lack of a trial court complaint thereof waives, and forecloses appellate review of, the claim of a defect of parties. Tex.R.Civ.P. 93(4); *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex. 1982). The first point of error is overruled.

Weatherly and Templeton group their third, fourth, and fifth points as their attack on the court's determination of the allowable executors' fees and attorneys' fees. By these points, they specifically contend, respectively, that the court erred in failing to grant in excess of 5% executors' fees, in finding that a portion of the attorney's fees paid was unreasonable, and in refusing to allow Templeton to serve and draw compensation both as an attorney of record and as an independent executor.

At the outset, it is observed with regard to the last, fifth-point contention, that the issue of Templeton's being allowed to serve and receive compensation both as an attorney of record and as an independent executor was neither raised by the pleadings nor included among the court's factual findings and legal conclusions, and the issue is not mentioned in the decretal portion of the judgment. As a consequence, the issue was not adjudicated and, therefore, is not subject to appellate review in this appeal. *Stevens v. Cain,* 735 S.W.2d 694, 695 (Tex. App.—Amarillo 1987, orig. proceeding). The fifth point of error is overruled.

In presenting their third and fourth points, Weatherly and Templeton do not, by their points of error or their argument thereunder, directly challenge the court's factual findings, nor question the evidential bases for the findings made. Rather, in connection with their points, they argue that considering the extensive amount of time and the work done, the trial court should have taken their testimony as fully proving their entitlement to the payment received by them and that the fee paid their attorney was reasonable. Thus, the Weatherly–Templeton presentation are contentions that they established as a matter of law their entitlement to the executors' fees they paid themselves and the reasonableness of the attorney's fees they paid. *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982).

Given that the court's findings of fact are unchallenged, they are binding on this Court unless Weatherly and Templeton, as they present, established their contentions as a matter of law. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986). For the contentions to be sustained, two things must appear: first, the record must not contain any evidence to support the court's findings of allowable executors' fees and attorney's fees; and, if there is no evidence thereof, then second, the record evidence must establish the contentions as a matter of law. *Holley v. Watts, supra.*

The examination of the record for evidence supporting the court's findings while ignoring, as it must be ignored, the evidence supporting the Weatherly–Templeton contentions, *id.*, begins with the statutory bases for the allowance of executors' compensation and attorney's fees found in the Texas Probate Code, which is also the foundation of the Weatherly–Templeton contentions. The pertinent language for the executors' compensation provides that

in no event shall the executor or administrator be entitled in the aggregate to more than five per cent (5%) of the gross fair market value of the estate subject to administration. If the executor or administrator manages a farm, ranch, factory, or other business of the estate, or if the compensation as calculated above is

unreasonably low, the court may allow him reasonable compensation for his services. For this purpose, the county court shall have jurisdiction to receive, consider, and act on applications from independent executors....

Tex.Prob.Code Ann. § 241(a) (Vernon Supp. 1988). And in this connection, the following section provides that the personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safekeeping, and management of the estate. *See* Tex.Prob.Code Ann. § 242 (Vernon 1980).

Included in the Devenport estate were more than 15,000 acres of land in Oklahoma and Colorado on which a ranching operation was conducted. The trial court heard evidence of the executors' work in continuing the operation until the cattle, other personal property, and the real estate were sold; in negotiating the sale of the real estate, after one contract of sale was not consummated, without the aid of an agent; in the defense of a will contest, two suits in Oklahoma over the sale of the land, and a suit for a real estate commission; and in the administration of the estate, including assistance in the preparation of tax returns.

As previously indicated, the court found the executors are jointly entitled to no more than the statutory five per cent of the gross market value of the estate as their commission, the gross market value of the estate, and the maximum amount of the commission allowed thereon. The calculations have not been questioned. It was evidenced to the court that the executors did not, as authorized by section 241, apply to the county court for approval of compensation above the percentage statutorily fixed on the ground either that the commission under the statutory rate was unreasonably low or that they managed a ranch; instead, they simply paid themselves more than the amount due under the statute.

Moreover, the accounts exhibited to the court revealed that the expenses submitted by the executors, and the charges made

and expenses incurred by others, for performing the work detailed by the executors in the management of the estate were honored and paid for with estate funds. In addition, it was shown that the executors contracted to sell the ranch land for the then present value of $125 an acre, later mutually agreed with the buyer to terminate the contract, retained $118,700 of the buyer's escrow and returned the balance of $80,000 to him, and then sold the land for $75 an acre, its agreed market value at the time of the sale.

In considering the evidence, the court reasonably could determine that the executors undertook their representation willingly, chargeable with notice of the formula for their compensation. Further, the court reasonably could determine that the work performed by the executors did not enhance the value of the estate, but merely was within their assumed duty to properly administer the estate. *Dallas Joint–Stock Land Bank in Dallas v. Maxey,* 112 S.W.2d 305, 310 (Tex.Civ.App.—Dallas 1937, no writ). It follows that there is some evidence to support the court's finding that the executors were jointly entitled to no more than five percent of the gross value of the estate as their compensation. Consequently, it is unnecessary to notice the evidence that supports the Weatherly–Templeton contention of entitlement to the additional executors' compensation they paid themselves. *Holley v. Watts, supra,* 629 S.W.2d at 697. The third point of error is overruled.

The pertinent Probate Code language providing for attorney's fees, the subject of the fourth point of error, is expressed in two sections of the Code. "Personal representatives of estates shall also be entitled to ... all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate, on satisfactory proof to the court." Tex. Prob.Code Ann. § 242 (Vernon 1980). And, "[w]hen any person designated as executor in a will ... defends it ... in good faith, and with just cause, for the purpose of having the will ... admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings...." Tex.Prob.Code Ann. § 243 (Vernon Supp.1988).

With this bestowal of statutory authority for the allowance of attorney's fees, the court found that the $71,442.43 paid to attorneys Spillman and Moore for representing the estate was excessive in the amount of $15,139.19, the amount paid to Moore, which sum should have been paid from the $56,303.26 paid to Spillman. The court did not make any findings with respect to whether the attorneys' fees paid, or any part thereof, were necessary and reasonable.

■ In resolving the Weatherly–Templeton fourth-point contention by the *Holley v. Watts, supra,* 629 S.W.2d at 696, criteria, a threshold consideration is that by the terms of the statutes, the amount of the attorney's fees is determined by the reasonable value of the services rendered and necessarily incurred for the benefit of the estate. Thus, it matter not what the executors paid, or agreed to pay, or were willing to pay as attorney's fees. *Salmon v. Salmon,* 395 S.W.2d 29, 32 (Tex.1965).

Spillman, one of the attorneys representing the estate, testified to the legal services rendered, and acknowledged that he had been paid $56,303.26 and that $15,139.17 was paid to Moore. Accepting, *arguendo,* that the services rendered were necessary in connection with the management of the estate, including the proceedings by or against it, still neither Spillman nor any one else on behalf of the estate offered any testimony to show, or from which could be determined, the reasonable value of those legal services. The only testimony of the reasonable value of legal services came from the attorney representing Martin and Devenport, who submitted "that a fair and reasonable attorney fee in a case such as this, regardless of the minor contest that was involved, should not exceed approximately $30,000.00." Then, since no witness testified that the reasonable value of the legal services was more than $30,000, there is no evidence to support the court's find-

ing of $56,303.26 for attorneys' fees. *Callejo v. Brazos Electric Power Cooperative, Inc.*, 755 S.W.2d 73 (1988).

Nevertheless, none of the litigants attacks the evidential support for the court's allowance of $56,303.25 for attorneys' fees. Weatherly and Templeton seek a greater amount; Martin and Devenport seek an affirmance of this amount. In the absence of error properly assigned to the finding, which does not constitute fundamental error, this Court is not authorized to disturb the finding, *Cent. Educ. Agency v. Burke*, 711 S.W.2d 7, 8 (Tex.1986), unless, as *Holley v. Watts, supra*, teaches, the evidence conclusively establishes the Weatherly–Templeton contention for the greater amount of attorneys' fees paid.

However, as it is evident from the earlier references to the testimonial record concerning legal services rendered, the record is devoid of any evidence showing that the reasonable value of the legal services rendered for the benefit of the estate was more than the $56,303.26 allowed. As a consequence, Weatherly and Templeton did not discharge their burden to establish the reasonableness of the attorney's fees paid as a matter of law. The fourth point of error is overruled.

The judgment is affirmed.